# Ex Parte Bermudez.

## Solicitud para que se expida mandamiento de Habeas Corpus.

No. 43.   Resuelto en Enero 27, 1905.

APELACIÓN.—CORTES MUNICIPALES.—JUZGADOS DE PAZ. *En los casos de que tengan jurisdicción original los Jueces Municipales ó de Paz, cuando se apelen á la Corte de Distrito, se celebrará un juicio de novo, que tendrá como base la primitiva denuncia ó mandamiento judicial.*

DAÑOS MALICIOSOS.—HURTO DE MENOR CUANTÍA.—CONVICCIÓN POR UN DELITO DISTINTO DEL COMPRENDIDO EN LA ACUSACIÓN.—SENTENCIA NULA. *Formulada una denuncia por daños maliciosos, no puede declararse al acusado culpable del delito de hurto de menor cuantía, y el Tribunal que así lo hiciere habrá excedido los límites de su jurisdicción, siendo completamente nula la sentencia que en su virtud se dictara.*

Sentencia imponiendo multa.—Prisión subsidiaria.—Mandamiento de arresto. Tanto la sentencia en que se imponga al acusado una multa, como el mandamiento dictado para su ejecución, deberán especificar el término de prisión que en defecto de pago se imponga al acusado, que no debe exceder de un día por cada dollar de multa, ni ser mayor del término de prisión á que hubiera podido ser condenado el acusado por el delito de que hubiere sido convicto.

Id.—Mandamiento nulo. El mandamiento de prisión que no contuviere los requisitos indicados en el párrafo anterior es substancialmente defectuoso, y por consiguiente, completamente nulo.

Id.—Habeas Corpus. En los casos en que el Tribunal hubiere excedido su jurisdicción al dictar sentencia, y que ésta fuera nula en tal virtud, y nulo asímismo el mandamiento para su ejecución expedido, el acusado tiene derecho á ser excarcelado en un procedimiento de Habeas Corpus.

La solicitud fué presentada al Juez Asociado Sr. Mac Leary en su despacho.

Los hechos están expresados en la opinión.

Abogado del Peticionario: *Sr. Coll.*

Abogado del Pueblo: *Sr. Rossy, Fiscal.*

El Juez Asociado Sr. Mac Leary emitió la siguiente opinión.

El peticionario en esta causa, José Bermúdez, fué acusado ante la Corte Municipal de daños maliciosos con arreglo á la sección 532 del Código Penal. Fué juzgado y convicto de acuerdo con esta denuncia y se le sentenció á cuatro meses de Cárcel y cien dollars de multa. De esta sentencia apeló para ante la Corte de Distrito de San Juan, en la que se celebró el juicio el 24 del presente mes y la que le declaró convicto de hurto de menor cuantía, y le condenó á tres meses de prisión en la Cárcel, y á pagar una multa de cien dollars y las costas; ordenándose que se llevara al acusado á la Cárcel de Distrito en donde estaría detenido por el término de tres meses, y que se procediera al cobro de la multa en los términos que la ley exige.

La Sección 3a. del Código de Enjuiciamiento Criminal provee que en todos los casos de que tengan jurisdicción los Jueces de Paz (ó como en este caso el Juez Municipal) cuando se apelan á la Corte de Distrito se juzgarán atendiendo á la primitiva denuncia ó auto judicial. En dichos casos se procederá á un nuevo juicio.

La denuncia original presentada en esta causa acusa

claramente un delito de daños maliciosos, con arreglo al Artículo 532 del Código Penal. Lo que se supone ser un mandamiento expedido por el Secretario de la Corte Municipal, también acusa al Bermúdez de daños maliciosos. En la Corte de Distrito debió haberse celebrado un nuevo juicio y juzgarse al peticionario de acuerdo con la denuncia y mandamiento mencionados, y probablemente así se hizo; pero se le declaró convicto de un delito completamente distinto, cual es el hurto de menor cuantía, definido y castigado en los Artículos 429 y 431 del Código Penal.

Al dictar esta sentencia la Corte de Distrito excedió su jurisdicción y la sentencia por consiguiente es nula. El mandamiento de prisión es también defectuoso porque no especifica el tiempo de la prisión, que no debe exceder de un día por cada dollar de multa, ni exceder en ningún caso del término por el que el acusado pudiera ser sentenciado á prisión por el delito de que se le ha declarado convicto.

La sentencia y el mandamiento han debido expresar los días que el acusado debía permanecer en prisión en defecto de pago de la multa. Con arreglo á la Sección 327, el único mandamiento que se exige para justificar ó exigir la ejecución de una sentencia, es la copia de la misma que ha de entregarse al funcionario que ha de ejecutarla, pero esto no hace innecesario el cumplimiento de la ley en cuanto ella ordena que se fije de modo definido el término de la prisión.

Apareciendo desde luego claramente que la Corte de Distrito de San Juan excedió su jurisdicción al dictar la sentencia bajo la cual el peticionario fué encarcelado y que el mandamiento ó auto es defectuoso sustancialmente, los procedimientos son nulos; de acuerdo con los párrafos 1 y 3 de la Sección 483 del Código de Enjuiciamiento Criminal, el prisionero debe ser puesto en libertad, y así se ordena por la presente.

*Con lugar la solicitud.*