EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* RAMÓN CARDONA, acusado y apelante.

No. 2877.—*Visto:* Enero 27, 1927. *Resuelto:* Abril 22, 1927.

1. DERECHO PENAL—FALLO *(Judgment)*, SENTENCIA Y AUTO DE PRISIÓN *(Commitment)* FINAL—DEBER DEL TRIBUNAL AL DICTAR SENTENCIA—TÉRMINO DENTRO DEL CUAL DEBE PRONUNCIARSE SENTENCIA.—Una corte de distrito, al celebrar un juicio *de novo*, no está sujeta al límite fijado por el inciso 4 del artículo 29 del Código de Enjuiciamiento Criminal para el período dentro del cual debe dictar sentencia.

2. DERECHO PENAL—APELACIÓN Y ERROR, Y CERTIORARI—PRESENTACIÓN Y RESERVA EN LA CORTE INFERIOR DE LOS FUNDAMENTOS DE REVISIÓN—NECESIDAD DE QUE LAS CUESTIONES SE PRESENTEN EN LA CORTE INFERIOR.—Cuando después de un juicio *de novo* en caso criminal procedente en apelación de una corte

municipal la corte señala día para dictar sentencia más allá del término estatutorio, la sentencia no es nula y, aunque estuviera viciada de nulidad, no será revocada en apelación cuando la cuestión se levanta por primera vez en el Supremo.

3. LEY DE RENTAS INTERNAS—PROCESOS Y CASTIGOS—EVIDENCIA—PRUEBA INCRIMINATORIA—EN GENERAL.—El hecho de encontrar en poder de un comerciante al por menor cigarros por los cuales no se hayan pagado derecho alguno, fabricados por el acusado, es una circunstancia incriminatoria tendente a conectar al acusado con la comisión del delito imputádole.

SENTENCIA de *Tomás Bryan,* J. (Aguadilla), condenando al acusado por delito de infracción a la Ley de Arbitrios, con costas. *Confirmada.*

*José Luis R. Cancio* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El apelante fué sentenciado en dos ocasiones, primero en la corte municipal y luego en la corte de distrito después de celebrarse el juicio de nuevo, por infracción a la Ley de Arbitrios.

El inciso 4 del artículo 29 del Código de Enjuiciamiento Criminal dispone que un juez de paz dictará su fallo dentro de las 24 horas de celebrado el juicio. La teoría del apelante es que la corte de distrito está sujeta a la misma regla al celebrar un juicio de nuevo, por la razón de que al ejercer jurisdicción apelativa el juez de distrito no puede dictar un fallo que no pudo ser dictado por la corte municipal. 24 Cyc. 750.

En respuesta el fiscal cita los casos de *El Pueblo* v. *Sánchez,* 16 D.P.R. 718; *Ex-parte Bermúdez,* 8 D.P.R. 24; *El Pueblo* v. *Rivera,* 13 D.P.R. 199; *El Pueblo* v. *Negroni,* 13 D.P.R. 203, y *El Pueblo* v. *Varela,* 25 D.P.R. 394. No necesitamos resolver por ahora si estos casos son o no terminantes sobre las cuestiones discutidas en los alegatos.

[1] En el presente caso la sentencia de la corte de distrito fué dictada unos tres o cuatro días después de celebrado el juicio *de novo.* Tanto el apelante como el fiscal de

la Corte Suprema parecen haber pasado por alto la disposición expresa contenida en el inciso 5 del artículo 29, *supra,* al efecto de que la corte de distrito dictará sus sentencias dentro del segundo día de celebrado el juicio de nuevo.

"En muchas judisdicciones las leyes disponen que cuando un juez celebra un caso sin la ayuda del jurado, debe dictar sentencia inmediatamente o dentro de determinado período de tiempo después de sometérsele el caso, generalmente dentro de cuatro días, aunque dicho período varía en las distintas jurisdicciones. Según la mayoría de las autoridades, un estatuto de esta naturaleza es imperativo y cuando un juez deja de cumplir con el mismo y dicta sentencia en fecha posterior, la sentencia dictada es nula. El fin claro de tal disposición es hacer que la controversia sea resuelta prontamente, mientras las partes están presentes, a fin de que no se véan en la necesidad de tener que asistir a la corte para saber el resultado y para que puedan dar los pasos necesarios que el caso requiera. Sin embargo, en algunas jurisdicciones, las leyes referentes al tiempo dentro del cual debe dictarse sentencia por un tribunal de derecho, han sido interpretadas en el sentido de que son directivas solamente, y se ha resuelto que son válidas las sentencias dictadas después de expirado el término fijado por la ley. Este punto de vista se basa en el fundamento de que ya que no se ha fijado pena alguna por infringir el estatuto, no es de presumirse que fuera la intención de la legislatura hacer que las partes incurrieran en los gastos que ocasiona un nuevo juicio, por el mero hecho de que el juez deje de cumplir con la ley. Otras cortes, adoptando una regla más liberal, han resuelto que el juez puede tener el caso bajo su consideración durante un tiempo razonable; pero aún tales cortes declaran que el receso debe ser hasta determinado período de tiempo y fijando el lugar en que se dictará la sentencia, a fin de que las partes puedan estar presentes, si así lo desean, para saber el resultado al tiempo de dictarse el fallo, permitiéndoseles así tomar los pasos precedentes para proteger sus intereses, y que debe anotarse en el registro una resolución, según se exige cuando el juez concede suspensiones, cuando se hacen tales suspensiones con el consentimiento de las partes, o por alguna causa antes del comienzo del juicio. Se ha resuelto frecuentemente que el límite fijado por la ley para el período dentro del cual un juez debe dictar sentencia se fija para conveniencia de las partes y para proteger sus derechos y

que se puede renunciar al cumplimiento del mismo.'' 16 R. C. L. 386, sección 64.

Los autos del presente caso contienen copia de un asiento practicado en las minutas del día 14 de mayo, 1925, el cual expresa que el caso se vió en la fecha últimamente mencionada; que el acusado compareció por su abogado y en persona; que habiéndose leído la acusación, el acusado hizo la alegación de no culpable, y se adujo prueba por ambas partes, quedando el caso sometido a la corte y concluso para sentencia, y que el juez señaló el día 18 de mayo a las nueve de la mañana para dictar sentencia.

Parece que no se hizo objeción alguna al curso seguido por el juez sentenciador, ni se anotó excepción.

De igual modo, se dictó sentencia y se impuso la pena el día 18 de mayo, sin que el acusado formulara objeción o excepción alguna.

De modo que aparece que la corte inferior actuó dentro de la regla de que el período estatutorio prescrito para dictar sentencia puede ser prorrogado por virtud de una orden dictada en presencia de las partes y consignada en las minutas,—admitiendo, para los fines de la argumentación, pero sin que lo resolvamos, que la disposición en cuestión deba ser considerada como imperativa más bien que directiva cuando se trata de la resolución de casos criminales por una corte de distrito después de un juicio *de novo* procedente en apelación de una corte municipal.

[2] Pero, sea ello como fuere, la cuestión que ahora trata de levantar el acusado es demasiado tardía cuando se presenta por primera vez en apelación. Véase 8 Cal. Jur. 448–453, pár. 468–470; así como las notas contenidas en A.S.R., L.R.A. y Ann. Cas., citadas en apoyo de la manifestación final contenida en el extracto de 16 R.C.L., *supra.*

[3] El apelante insiste además en que el juez de distrito cometió error al apreciar la prueba, y que la sentencia es contraria a la misma.

Para los fines de esta opinión, puede admitirse que por lo menos uno de los dos testigos principales del fiscal era un cómplice, y que la declaración del otro, a saber, la esposa del alegado cómplice, no fué del todo desinteresada. Pero la posesión de parte del supuesto cómplice de cigarros clandestinos hechos en la fábrica del acusado no sólo es admitida por la teoría del caso sostenida por el acusado, sino que ha sido establecida independientemente como un hecho por la prueba de la defensa. Esa prueba, de ser cierta, explica además cómo los cigarros llegaron a manos del testigo principal del fiscal. Pero la corte inferior no estaba obligada a aceptar esta explicación. Evidentemente, el **juez sentenciador** no creyó la prueba del acusado sobre este extremo. El hecho de que se encontraran en poder de un comerciante al por menor cigarros por los cuales no se había pagado derecho alguno, fabricados por el acusado, era una circunstancia incriminatoria tendente a conectar al acusado, con la comisión del delito imputádole.

Tomándolo todo en consideración, no nos es posible convenir con el apelante en que la conclusión a que llegó la corte inferior debe ser variada.

*Debe confirmarse la sentencia apelada.*