EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* DR. I.
RODRÍGUEZ ALBERTY, acusado y apelante.

No. 3148.—*Sometido:* Junio 22, 1927. *Resuelto:* Mayo 21, 1929.

600

Víctor P. Martínez, abogado del apelante; José E. Figueras, abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La Ley No. 15 de 1921 autorizando la creación de una junta de farmacia, determinando la validez de ciertos diplomas y para otros fines dispone en su sección 17 lo siguiente: "Ningún farmacéutico podrá teniendo el título de médico ejercer simultáneamente ambas profesiones dentro de una misma localidad."

Por infracción de ese precepto legal fué denunciado y condenado el apelante, Dr. I. Rodríguez Alberty, habiéndosele imputado en julio de 1926 que desde junio de 1926 y en una calle del pueblo de San Sebastián de esta Isla, teniendo los títulos de médico y de farmacéutico, ejerce ambas profesiones simultáneamente en esa localidad, sirviendo de regente en la farmacia propiedad de I. Rodríguez Alberty & Co. en la cual también tiene establecido su consultorio como médico, con anuncio al público, para hacer prescripciones facultativas.

Los cuatro primeros motivos alegados por el apelante para que revoquemos la sentencia recurrida pueden ser considerados conjuntamente pues se fundan en haber sido desestimada la excepción previa opuesta a la denuncia, por ser inconstitucional la sección 17, *supra,* por habérsele dado efecto retroactivo a ese precepto y por haber sido rechazada la doctrina jurídica de que nadie puede ir contra sus propios actos.

Hemos hecho mención de lo substancial de la denuncia y de ella nada aparece que pueda servir de base para alegar y decidir que se le ha dado efecto retroactivo a la ley por cuya infracción fué denunciado el apelante, ni tampoco contiene hecho alguno del cual pueda deducirse que se ha infringido el precepto de que nadie puede ir contra sus propios actos, por lo que solamente consideraremos si la sección cuya infracción se denuncia es anticonstitucional o no, o sea, si es válida la prohibición de que los farmacéuticos que tengan título de médico puedan ejercer ambas profesiones simultáneamente en una misma localidad.

■■ Las razones expuestas por el apelante para sostener que la ley por cuya infracción ha sido condenado es anticonstitucional son: que está en pugna con la Constitución de los Estados Unidos de América y con nuestra carta orgánica en la parte de su artículo 2 que dice: "No se pondrá en vigor en Puerto Rico ninguna ley que privare a ninguna persona de la vida, libertad o propiedad, sin el debido procedimiento de ley, o que negare a una persona de dicha isla la igual protección de la ley."

No puede haber duda de que el derecho a ejercer cualquier profesión es uno de los privilegios garantizados por la Constitución de los Estados Unidos, y también por nuestra carta orgánica en el particular citado de su artículo 2, pero la ley que estamos considerando no priva al apelante del ejercicio de sus profesiones de médico y de farmacéutico sino que las regula disponiendo que en una misma localidad no pueden ser ejercidas simultáneamente. Por

tanto, la cuestión a decidir es si la legislatura, de acuerdo con el poder de reglamentación que tiene todo Estado, (*police power*), pudo reglamentar el ejercicio de esas profesiones en la forma que lo hizo sin lesionar los derechos del apelante.

En el caso de *El Pueblo* v. *Correa,* 31 D.P.R. 545, citado por el apelante, hicimos referencia a lo que se dice en 6 R.C.L. 217 respecto a que el derecho de reglamentación es una excepción a la regla general de que toda persona tiene el derecho de dedicarse a cualquier profesión legal, dependiendo aquél de la necesidad razonable de su ejercicio en proteger la salud, la moral o el bienestar general del Estado. Por consiguiente, lo que hay que tener en cuenta en este asunto al considerar esa ley es si dicha reglamentación es irrazonable ya que como dijimos también en el caso citado *supra,* citando el caso de *Bonnett* v. *Vallier,* 17 L.R.A. (N. S.) 486, no hay ninguna prueba específica por la cual pueda medirse con precisión lo que es razonable en un caso determinado por ser una cuestión que descansa en el criterio humano, de modo que la línea que existe entre lo razonable y lo que no lo es, que marca el límite de la autoridad constitucional de la legislatura, a menudo es difícil precisarla por lo que se hace necesario en todos los casos dudosos que el poder judicial descanse en la sabiduría de la legislatura, a menos que claramente haya pasado su límite, en cuyo caso es el deber de la corte rechazar la usurpación y sostener la Constitución. También en 6 R.C.L. 221 se dice que puesto que todos los derechos están sujetos a la reglamentación del Estado, cuando es necesario la legislatura puede prohibir absolutamente el ejercicio de cualquier negocio, si la seguridad o la moral pública requiere que no continúe, y que a la legislatura no se le puede impedir que disponga la supresión por perjuicios incidentales que los individuos o las corporaciones puedan sufrir.

Como consecuencia de todo lo expuesto diremos que si la reglamentación de la legislatura no es claramente irrazona-

ble no intervendremos con su poder de reglamentación, como no lo haremos en este caso en el que no solamente no se nos ha demostrado que el precepto que comentamos de la ley no sea razonable sino también porque nos parece que ha sido dictado en beneficio de la comunidad y de la moral pues puede pensarse que una persona que ejerce la farmacia y la medicina al mismo tiempo en una localidad puede hacer como médico muchas recetas para sus clientes, quizás algunas innecesarias, para aumentar los ingresos de su botica, causando más gastos a sus pacientes. Si a esto agregamos que la misma ley dispone en su sección 16 que los farmacéuticos tendrán que atender personalmente a su botica puede verse que quizás fué ésta también una de las razones que tuvo la legislatura para la prohibición de que tratamos pues ejerciendo la medicina y la profesión de farmacia a un tiempo tiene que desatender a la botica o a los pacientes que requirieran sus servicios fuera de ella. Por todo lo expuesto no podemos declarar que el precepto por cuya infracción fué condenado el apelante sea contrario a la Constitución ni a nuestra carta orgánica.

También alega el apelante como quinto motivo de su recurso que hubo error al dar por probada la denuncia, pero la lectura de la prueba presentada en la corte inferior nos convence de que no existe ese alegado error pues el testigo Francisco E. Arana declaró que el propio acusado le manifestó que era el regente de la farmacia y vió que en la botica estaba un consultorio médico del acusado, teniendo en él su título de médico y en la botica el de farmacéutico: y el testigo Court, encargado del Registro Civil de San Sebastián, recibió del acusado varias certificaciones de defunción firmadas por él como médico, y dijo que estaba ejerciendo la medicina. También María Teresa Cortés declaró que el acusado le hizo una receta. Además, existe la prueba corroborante de haber aceptado el apelante en el juicio que en ocasiones anteriores había ejercido sus dos profesiones al mismo tiempo.

■ Se alega asimismo que fué error el haber sido admitida en el juicio una receta, por no haber sido identificada previamente. Esa receta no se transcribe en la exposición del caso y pliego de excepciones aprobada por la corte y por tanto no podemos saber su contenido, pero aunque hubiera error en su admisión no sería perjudicial porque la testigo Cortés declaró que el acusado le recetó.

■ El último motivo de error se funda en haber sido desestimada por la corte una moción para que reconsiderara su sentencia.

Aparece del pliego de excepciones que el día 5 de noviembre de 1926 señalado por la corte de distrito para dictar sentencia en este caso la defensa del acusado solicitó por moción escrita que la sentencia fuese reconsiderada y se dictara otra absolutoria bajo el fundamento de que habiéndose visto el juicio *de novo* el 2 de octubre de ese año, se concedió el término de cinco días para presentar alegato, dentro del cual lo presentó el acusado, quedando el caso sometido el 8 de octubre y que habiéndose dictado la sentencia el 5 de noviembre lo hizo la corte sin jurisdicción por haber transcurrido con exceso los dos días que señala la ley; moción que fué negada por la corte.

Según la sentencia dictada el 5 de noviembre de 1926 el juicio *de novo* en apelación tuvo lugar el 2 de octubre anterior, en cuyo día el acusado adujo contra la denuncia las excepciones previas que hemos resuelto al principio, que la corte de distrito no decidió entonces dichas excepciones, habiéndolas declarado sin lugar el mismo día que dictó su sentencia. No consta que el acusado se opusiera a que la resolución de las excepciones previas quedase pendiente hasta después de practicarse la prueba, ni que en forma alguna se opusiera a que el 5 de noviembre fuese el día señalado para dictar sentencia. En vista de esos hechos y toda vez que las excepciones previas tenían que ser resueltas antes de dictarse sentencia, entendemos que el término para fallar fijado por la ley no empezó a correr hasta el 5 de no-

viembre en que fueron resueltas dichas excepciones, y como en ese día fué dictada la sentencia, no hay base para resolver si fué infringido el No. 5 del artículo 29 del Código de Enjuiciamiento Criminal preceptivo de que en los juicios en apelación la corte de distrito dictará fallo dentro de los dos días siguientes al juicio. Además, en el caso de *El Pueblo v. Cardona,* 36 D.P.R. 621, bastante análogo al presente, hemos dicho lo siguiente:

"De modo que aparece que la corte inferior actuó dentro de la regla de que el período estatutorio prescrito para dictar sentencia puede ser prorrogado por virtud de una orden dictada en presencia de las partes y consignada en las minutas,—admitiendo, para los fines de la argumentación, pero sin que lo resolvamos, que la disposición en cuestión deba ser considerada como imperativa más bien que directiva cuando se trata de la resolución de casos criminales por una corte de distrito después de un juicio *de novo* procedente en apelación de una corte municipal."

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Texidor no intervino.