EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRANCISCA ACOSTA, acusada y apelante.

No. 3902.—*Sometido:* Diciembre 11, 1929. *Resuelto:* Enero 22, 1930.

*Juan B. García Méndez y E. González Mena,* abogados de la apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Se trata de una acusación presentada ante una corte municipal por el delito de acometimiento y agresión con circunstancias agravantes, toda vez que en varios cargos se imputa a la acusada, una maestra de escuela, el haber pegado a un niño. Hallamos innecesario considerar la suficiencia de la prueba o el conflicto de la misma en vista de que la sentencia debe revocarse por otros motivos.

La vista del caso se celebró el 4 de octubre de 1928. No se dictó sentencia hasta el 24 de noviembre de 1928. El

artículo 29 del Código de Enjuiciamiento Criminal, según fué enmendado, dispone que:

"Si después de oída la denuncia, el acusado alegare su inocencia, el juez de paz procederá en la siguiente forma:

" . . . . . . . . . .

"5.— El juez de paz remitirá el sumario dentro del quinto día al tribunal de distrito, el cual dentro de los diez días de su recibo señalará día para la celebración del juicio, citando al Fiscal y al acusado. En el acto del juicio se podrán aducir nuevas pruebas o reproducir aquellas que el juez de paz hubiere admitido o rehusado. El tribunal decidirá definitivamente sobre la admisión de tales pruebas y después de practicarlas y oír a las partes, dictará dentro del segundo día fallo definitivo, condenatorio o absolutorio, ordenando la libertad del acusado si estuviere preso, en caso de un fallo absolutorio."

Ahora, es evidente que la intención de la Legislatura fué que las causas ventiladas ante las cortes municipales fuesen rápidas y, dada la forma del estatuto y de la jurisprudencia de este tribunal en casos análogos, hemos llegado a la conclusión, de que la fraseología del artículo 29 es imperativa y de que en una apelación entablada contra sentencia de una corte municipal, la corte de distrito, en ausencia de fuerza mayor, está obligada a dictar sentencia dentro del segundo día de celebrada la vista.

En el caso de *El Pueblo* v. *Cardona* 36 D.P.R. 621, asumiendo que la regla es imperativa notamos una excepción a la misma, toda vez que la corte de distrito en presencia de las partes pospuso la fecha para dictar sentencia.

En el caso de *El Pueblo* v. *Rodríguez Alberty,* resuelto en 21 de mayo de 1929, se presentó una excepción perentoria y la corte fijó una fecha posterior para dictar sentencia y no se presentó objeción alguna (39 D.P.R. 599).

En cada uno de los casos anteriores, fuera de la pendencia de una excepción perentoria, el principio de *concensus tollit errorem* estaba más o menos envuelto. Nada similar ocurrió en este caso.

Una cuestión parecida fué presentada al Juez Presidente Sr. del Toro en el caso *Ex parte Rafael Martínez,* etc., procedimiento de *habeas corpus.* La conclusión a que llegó fué que las palabras del estatuto eran imperativas, al igual que lo eran en la mayoría de las jurisdicciones de los Estados Unidos.

Hemos examinado los autos y no hallamos que las razones tenidas por la corte inferior para posponer la fecha de la sentencia fuesen suficientes o que posiblemente pudieran constituir fuerza mayor. Según hemos dicho, el juicio fué celebrado el 4 de octubre de 1928. El juez estuvo presente en la corte el día 5 del citado mes. Es cierto que posteriormente estuvo enfermo y que no pudo asistir a la corte, pero regresó a la misma el 15 de octubre. La sentencia no fué dictada hasta el 24 de noviembre. No podemos resolver que otros deberes, como la insaculación del jurado, eran más imperativos que el resolver este caso según exige la ley.

*Debe revocarse la sentencia apelada y absolverse a la acusada.*