José D. Padilla, peticionario y apelante, *v.* El Pueblo de Puerto Rico, opositor y apelado.

No. 4572.—*Sometido:* Diciembre 3, 1931.—*Resuelto:* Diciembre 8, 1931.

*José N. Quiñones,* abogado del apelante; *R. A. Gómez,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Este es un procedimiento de hábeas corpus oído ante el Juez Presidente actuando como juez individual. Inferimos que los hechos eran incontrovertidos. No obstante, durante la vista se presentó prueba para demostrar los hechos aducidos en la petición. Ninguna de esta prueba ha sido debidamente certificada. En los documentos elevados aparecen

transcritas notas taquigráficas, pero este documento no ha sido certificado por el juez que oyó la evidencia. En todos los casos en que se presenta prueba a una corte, debe ser identificada, verificada y aprobada por el juez que la oyó. Esta es la regla, y las razones de la misma son obvias. Errores o inexactitudes podrían deslizarse, o certificarse materias completamente innecesarias.

▮▮▮▮ Asumiendo por la opinión del Juez Presidente y por los alegatos de las partes que los hechos están debidamente ante nos, la sentencia tiene necesariamente que ser confirmada.

Ante una corte municipal se celebraron tres juicios por libelo y los casos ya estaban listos para sentencia. Empero, otro caso por falsa representación estaba pendiente ante la misma corte. Las partes convinieron en que el caso de falsa representación fuese pospuesto para cuatro o cinco días más tarde. Entonces el peticionario mismo solicitó que las sentencias en los casos de libelo fuesen dictadas en la fecha diferida. La corte accedió.

El artículo 29 del Código de Enjuiciamiento Criminal dispone en parte como sigue:

"4. El juez de paz tomará entonces en consideración la prueba aducida y dictará su fallo dentro de las veinticuatro horas siguientes."

Según indica el Juez Presidente, el haberse dejado de dictar sentencia dentro de veinticuatro horas es erróneo, según lo ha resuelto esta corte. *El Pueblo* v. *Cardona,* 36 D.P.R. 618; *El Pueblo* v. *Rodríguez Alberty,* 39 D.P.R. 599; *El Pueblo* v. *Acosta,* 40 D.P.R. 471. No obstante, la jurisprudencia revela que éste es un privilegio que puede ser renunciado por el mismo acusado. *Barnes* v. *Badger,* 41 Barb. 98; *State ex rel. Collier* v. *Houston,* 92 Pac. 476; 87 A.S.R. 672; 16 R.C.L. 386. Según decidió el Juez Presidente, no está envuelta cuestión jurisdiccional alguna. No podemos convenir en que una corte municipal pierde su jurisdicción al posponer la sentencia a instancias del acusado.

Nos parece que ni aun en un caso criminal puede un acusado aprovecharse de su propia culpa.

*Deben confirmarse las resoluciones apeladas.*

El Juez Presidente Señor del Toro no intervino.