Luis Ríos, peticionario y apelante, y El Pueblo de Puerto Rico, opositor y apelado.

No. 5513.—*Sometido:* Noviembre 7, 1934. *Resuelto:* Noviembre 30, 1934.

*Buenaventura Esteves y José M. Valentín Esteves,* abogados del apelante: *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El artículo 29 del Código de Enjuiciamiento Criminal dispone:

"Si después de oída la denuncia, el acusado alegare su inocencia, el juez de paz procederá en la siguiente forma:

    \*      \*      \*      \*      \*      \*      \*

"Cuarto: El juez de paz tomará entonces en consideración la prueba aducida y dictará su fallo dentro de las veinte y cuatro horas siguientes. Tanto la celebración del juicio como el acto de dictar sentencia se hará en presencia del acusado. Si el fallo fuere favorable al acusado, absolviéndolo del cargo que se le imputa, será puesto en libertad inmediatamente. Si del fallo resultare que el acusado es culpable, el acusado podrá apelar en el término del tercer día ante la corte de distrito."

El apelante alegó que la Corte Municipal de San Sebastián había dejado de cumplir con las disposiciones del artículo citado, perdiendo así su jurisdicción. Para determinar la cuestión de jurisdicción y para otros fines se presentó una petición de hábeas corpus ante la Corte de Distrito de Aguadilla, la que luego de librar el auto y de celebrar una vista, declaró sin lugar la petición.

El peticionario fué acusado de portar un arma prohibida. Su única defensa fué que portaba el arma en la finca de su patrono. Durante el juicio en la corte municipal el acusado, en apoyo de su contención, ofreció presentar una escritura para demostrar el título de su patrono. La corte dejó el caso abierto para permitirle hacerlo así y la escritura fué realmente presentada al día siguiente de haberse concedido el permiso. Al recibir la escritura en 24 de enero de 1934, la corte creyó necesario hacer una inspección ocular del lugar. La inspección fué llevada a cabo el 2 de febrero de 1934 sin notificarse al acusado y sin la presencia de éste. La corte entonces señaló el caso nuevamente para dictar sentencia el 6 de febrero de 1934 y así lo hizo en dicho día.

A nuestro juicio la corte municipal perdió su jurisdicción. Si la corte hubiese señalado el caso de nuevo para continuar la vista, quizá podrían surgir algunas de las dudas sugeridas por el fiscal. Sin embargo, el proceder de la corte al señalar el caso tan sólo para dictar sentencia en el mismo demuestra que el juez consideró que el juicio había terminado y que el caso quedaba finalmente sometido.

No daremos énfasis al hecho de que una inspección ocular celebrada legal o generalmente a discreción de la corte debe efectuarse en presencia del acusado. Si la corte privadamente hubiera hecho una inspección del lugar dentro del límite de tiempo fijado por la ley, es posible que no hubiera surgido perjuicio alguno.

Aquí vemos que el presente caso estaba plenamente bajo consideración de la corte el 24 de enero de 1934. La inspección efectuada el 2 de febrero fué demasiado tardía y la sentencia de 6 del mismo mes fué dictada sin jurisdicción. No importa que la demora original se debiera a instancias del acusado.

Por lo general, cuando se suspende el caso debe hacerse así constar aun tratándose de una corte que no sea de registro.

El artículo 29 del Código de Enjuiciamiento Criminal es imperativo. *Pueblo* v. *Acosta,* 40 D.P.R. 471. En el caso de *El Pueblo* v. *Rodríguez Alberty,* 39 D.P.R. 599, no hallamos nada en sentido contrario.

*La resolución de la corte de distrito de 13 de febrero de 1934 debe ser revocada y se decreta la libertad del peticionario apelante.*