El Pueblo de Puerto Rico, demandante y apelado, *v.* Ramos Hermanos, Inc., etc., acusada y apelante.

Núm. 7746.—*Sometido:* Julio 24, 1939. *Resuelto:* Noviembre 24, 1939.

.*V. M. Sánchez Fernández* y *Dubón & Ochoteco,* abogados de la apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

En julio 6 de 1938 y en la Corte Municipal de Bayamón el Inspector de Pesas y Medidas Tulio D. Rivera formuló denuncia contra la mercantil Ramos Hermanos, Inc., por

exhibir y ofrecer para la venta un número de bollos de pan faltos de peso.

Aparece que el caso fué llevado en apelación a la Corte de Distrito de Bayamón. La vista del recurso tuvo lugar el 21 de marzo de 1939. La demandada se declaró inocente. Se procedió a la vista del mismo, discutiéndose por ambas partes una moción de *nonsuit*. La corte se reservó su fallo y dictó sentencia el 23 de marzo de 1939.

El primer señalamiento de error lee así:

"Que la Corte de Distrito del Distrito Judicial de Bayamón, Puerto Rico, dictó sentencia contra la demandada apelante, careciendo de jurisdicción para ello e infringiendo las disposiciones del inciso 4 del Artículo 29 del Código de Enjuiciamiento Criminal de Puerto Rico, ya que, dicho fallo fué pronunciado cuando había transcurrido un término mayor de veinticuatro horas, a partir de la fecha en que quedó sometido el proceso para resolución definitiva.

■ El artículo 29 del Código de Enjuiciamiento Criminal dice:

"Si después de oída la denuncia, el acusado alegare su inocencia, el juez procederá en la siguiente forma:

"1.     *     *     *     *     *     *     *

"2.     *     *     *     *     *     *     *

"3.     *     *     *     *     *     *     *

"4. El juez de paz tomará entonces en consideración la prueba aducida y dictará su fallo dentro de las veinticuatro horas siguientes. Tanto la celebración del juicio como el acto de dictar sentencia se harán en presencia del acusado; *Disponiéndose,* que podrá el acusado ser dispensado de este requisito en aquellos delitos que por su naturaleza no impliquen una mente perversa o depravación moral (*mala prohibita*) en dicho acusado, cuando fuere representado por abogado y éste se hallare presente en ambos momentos. Si el fallo fuere favorable al acusado, absolviéndolo del cargo que se le imputa, será puesto en libertad inmediatamente. Si del fallo resultare que el acusado es culpable, el acusado podrá apelar en el término del tercer día ante la corte de distrito.

"5. El juez de paz remitirá el sumario dentro del quinto día al tribunal de distrito el cual dentro de los diez días de su recibo señalará día para la celebración del juicio, citando al Fiscal y al acusado.

En el acto del juicio se podrán aducir nuevas pruebas o reproducir aquélla que el juez de paz hubiere admitido o rehusado. El tribunal decidirá definitivamente sobre la admisión de tales pruebas y después de practicadas y oír a las partes, dictará dentro del segundo día fallo definitivo, condenatorio o absolutorio, ordenando la libertad del acusado si estuviere preso, en caso de un fallo absolutorio.''

La acusada y apelante alega que tiene derecho a su absolución de acuerdo con el apartado 4 del artículo antes mencionado; que la corte inferior carecía de jurisdicción de acuerdo con el estatuto y los fundamentos expuestos por este tribunal en el caso de *El Pueblo* v. *Acosta,* 40 D.P.R. 471. Es evidente que tanto la apelante como el fiscal están en un error. Era éste un procedimiento que se ajustaba a lo prescrito en el apartado 5 y no al apartado 4 del artículo 29. De acuerdo con dicho artículo al juez se le conceden dos días para emitir su fallo y el juez Ponsa Parés cumplió con lo preceptuado. El caso se vió el 21 de marzo de 1939 y se dictó sentencia el 23 del mismo mes.

No sólo es esto cierto sino que da la coincidencia que los hechos en el caso de *El Pueblo* v. *Cardona,* 36 D.P.R. 618 son idénticos, y llamamos la atención al hecho de que tanto el apelante como el fiscal cometieron el mismo error de tratar de aplicar el apartado 4 en vez del 5 de dicho artículo 29.

No existe el primer señalamiento de error.

La apelante, sin embargo, imputa otros errores en relación con la prueba. Discute los señalamientos segundo, tercero y cuarto conjuntamente. Los hechos discutidos por ella son substancialmente los siguientes: que el supuesto vendedor llevaba bollos de pan con la marca de Ramos Hermanos, Inc., pero que no había prueba tendente a demostrar que el vendedor fuera un agente de Ramos Hermanos o que realmente el pan proviniera del establecimiento de Ramos Hermanos. El vendedor declaró que algunas veces él le compraba a uno y otras a otro, incluso a Ramos Hermanos. Bajo estas circunstancias somos de opinión que no se probó

la acusación. Según entendemos, el fiscal estuvo conforme en la vista.

El quinto señalamiento de error no merece ser considerado.

*Debe revocarse la sentencia apelada y absolverse a la acusada.*

El Juez Asociado Sr. Travieso no intervino.