EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GERARDO RODRÍGUEZ, acusado y apelante.

Núm. 10212.—*Sometido:* Noviembre 18, 1943. *Resuelto:* Febrero 1, 1944.

*José C. Jusino,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El apelante fué denunciado en la Corte Municipal de Caguas por una infracción a aquella parte del artículo 519 del Código Penal que declara incurso en *misdemeanor* a "toda persona que voluntaria o maliciosamente derribare alguna cerca o palizada, sin el consentimiento del dueño o de la persona encargada de la misma, para abrirse paso por algún recinto cercado." Apeló para ante la Corte de Distrito y antes de dar principio al juicio *de novo,* impugnó la

1

jurisdicción del tribunal. Alegó que la corte municipal tardó unos siete meses a partir de la presentación de los alegatos para dictar la sentencia de que había apelado, infringiendo de ese modo, según el acusado, el artículo 29 del Código de Enjuiciamiento Criminal dispositivo de que la sentencia de la corte municipal debe ser dictada dentro de las veinticuatro horas siguientes al día en que se sometió el caso. Impugnó también la jurisdicción de la corte de distrito para conocer del caso en grado de apelación, porque careciendo de jurisdicción la corte municipal no podía adquirirla en grado de apelación la corte de distrito. Desestimada la cuestión jurisdiccional fué el caso a juicio, siendo el acusado declarado culpable.

La prueba de cargo tendió a demostrar que el acusado destruyó cierta cerca de alambre que en una finca de su propiedad en el barrio Ceiba, del municipio de Cidra, había puesto el denunciante Gerardo Sellés Solá. El acusado aceptó haber destruído la cerca, pero alegó que ella obstruía un camino público por donde tenía que pasar, que requirió al denunciante para que dejase expedito el camino y habiendo rehusado, el acusado tuvo que partir la cerca. Ofreció evidencia en la corte inferior para probar la existencia y naturaleza del camino que alegaba había obstruído el denunciante, pero el fiscal se opuso y la corte rehusó admitirla, resolviendo que esa evidencia era pertinente en un pleito civil pero no en un caso criminal, de lo cual tomó excepción el acusado.

■ El propio apelante admite que al quedar evacuada la prueba del fiscal privado y del acusado, ambos solicitaron un término para radicar alegatos, que les fué concedido, y si bien alega que después de presentados los alegatos el juez tardó unos siete meses y siete días en dictar la sentencia condenatoria, no ha intentado probar que él, el acusado, hiciese gestión alguna para que la sentencia fuese dictada dentro de un término razonable a partir de la presentación de los alegatos. Al solicitar las partes un plazo para radicar alegatos renuncian al derecho a que se dicte la sentencia

dentro de las veinticuatro horas siguientes a su radicación, pues es de presumirse que el juez necesite un tiempo razonable para estudiarlos. A nuestro juicio, es aplicable a esta situación lo dicho por este tribunal en el caso de *Pueblo* v. *Lebrón,* 61 D.P.R. 657, 664, a saber:

"Llama la atención en estos dos casos el hecho de haber transcurrido unos ocho meses desde que el acusado fué convicto el 17 de enero de 1941 hasta que fué sentenciado el 3 de octubre de 1941 en el caso *felony* y el 10 del mismo mes en el de portar armas. No encontramos nada en el récord que justifique esa dilación, aparte de la moción de nuevo juicio presentada en el caso *felony;* pero sea como fuere, no consta de los autos que en momento alguno el acusado hubiere, antes de dichas fechas, insistido en que se impusiese la pena correspondiente. Siendo ello así, su derecho a que las sentencias fuesen dictadas dentro de un plazo razonable, debe entenderse renunciado, y la corte conservó su jurisdicción para dictarlas no obstante haber transcurrido un término mayor que el razonable. *Zerbst* v. *Nahas* (1933) 67 Fed. (2d) 742. Al mismo efecto, véase *Miller* v. *Aderhold,* 288 U. S. 206, 77 L. ed. 702."

■ No erró la corte inferior al desestimar la cuestión jurisdiccional; pero sí cometió error perjudicial al negarse a admitir la evidencia ofrecida por el acusado, tendente a demostrar la obstrucción del camino público. Si como se proponía probar el acusado, la cerca impedía el paso por un camino público, el derribarla en las condiciones en que se alega lo hizo el acusado no constituyó, como veremos, delito público alguno. No es el mero hecho de derribar una cerca o palizada sin el consentimiento del dueño o la persona encargada de la misma lo que constituye el delito definido en el artículo 519 del Código Penal, sino el derribar la cerca o palizada sin el consentimiento indicado *para abrirse paso por un recinto cercado.* El artículo 256 del Código Civil prescribe que son bienes de uso público en Puerto Rico los caminos insulares y *vecinales,* las plazas, calles, etc. Y el artículo 274 del mismo Código dispone que los bienes de uso público mientras no cese el fin público que se les hubiere dado no son susceptibles de propiedad particular. Siendo el

camino en cuestión un camino municipal según pretendió probar el acusado, cuyo uso y disfrute pertenecen a todos los hombres, como dice el citado artículo 274, el denunciante no tenía derecho a obstruirlo, cercándolo, para de ese modo convertirlo en su propiedad particular. Por consiguiente, al destruir la cerca el acusado, no fué *para abrirse paso por algún recinto cercado,* sino para hacer uso del derecho que toda persona tiene de pasar por un camino público. No estaba obligado el acusado a recurrir a los tribunales para poder hacer uso del derecho de pasar por el camino, y a ese objeto podía derribar la cerca sin intervención judicial alguna siempre y cuando que al así hacerlo no promoviese una alteración de la paz. [1]   Véase por analogía el caso de *State* v. *Headrick,* 67 Am. Dec. 249, y la doctrina expuesta en 20 R.C.L. 489 y casos citados.

El error cometido al rechazar la evidencia ofrecida perjudicó los derechos sustanciales del acusado y por ese motivo *procede revocar la sentencia apelada y devolver el caso a la corte inferior para la celebración de un nuevo juicio.*

---

[1] No nos referimos, desde luego, a aquellos casos en que un camino o vía pública es cerrado por autoridad competente para efectos de reparaciones o por cualquier otra razón.