José N. Cabán, peticionario y apelante, *v.* Balbino González Montalvo, Alcaide Cárcel de Distrito de San Juan, P. R., apelado.

Núm. 9671.—*Sometido:* Mayo 3, 1948. *Resuelto:* Mayo 25, 1948.

*Félix Ochoteco, Jr.* y *Luis E. Dubón,* abogados del apelante; *Hon. Procurador General Luis Negrón Fernández* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

José N. Cabán, el peticionario apelante, fué convicto ante la Corte Municipal de Bayamón de un delito de infracción al artículo 93 del Código Penal y condenado a pagar una multa de $300 o en su defecto a 90 días de cárcel. No habiendo satisfecho la multa fué recluído en la Cárcel de Distrito de San Juan.

El 21 de agosto de 1947 Cabán radicó ante el Tribunal de Distrito del Distrito Judicial de San Juan una petición de hábeas corpus en la que alegó que la encarcelación que se encontraba sufriendo era ilegal por ser nula la sentencia dictada por la Corte Municipal de Bayamón. Consiste la alegada nulidad en que habiéndose celebrado la vista del caso el día 5 de agosto de 1947 y habiendo solicitado el acusado el 18 del mismo mes que se le dictara sentencia, la misma no fué dictada hasta el 21 de agosto de 1947, cuando la corte carecía de jurisdicción para dictarla, todo ello en violación de lo dispuesto en el artículo 29, inciso 4 del Código de Enjuiciamiento Criminal vigente.(¹) Se alega en la solicitud que antes de que se dictara la sentencia el peticionario impugnó la jurisdicción de la corte, siendo desestimada su objeción.

En su contestación a la petición alegó el Alcaide demandado que en el acto de la vista, al terminar la presentación de la prueba de El Pueblo, sin que el acusado presentara prueba de clase alguna, el acusado por medio de su abogado

---

(¹)"Artículo 29.—Si después de oída la denuncia, el acusado alegare su inocencia, el Juez procederá en la siguiente forma:

"*   *   *   *   *   *   *

"4. El juez de paz tomará entonces en consideración la prueba aducida y dictará su fallo dentro de las veinticuatro horas siguientes. . . ."

pidió a la Corte Municipal le concediera un término de cinco días para radicar un memorándum, sin manifestar los puntos de derecho que habría de discutir en el mismo; que la corte concedió al acusado el término solicitado y otro de dos días al fiscal para contestar el memorándum del acusado; que posteriormente, en agosto 10, 1947, el abogado del acusado solicitó y le fué concedida una prórroga de cinco días para radicar su memorándum; que dicha prórroga venció el 16 de agosto de 1947 sin que el acusado radicara el memorándum o hiciera gestión alguna ante la Corte Municipal, hasta el 18 del indicado mes en que radicó una moción en la que hizo constar que tenía hasta el 18 de agosto para radicar el memorándum, que renunciaba a su radicación y solicitaba se procediera a dictar sentencia conforme a la Ley; que ese mismo día 18 de agosto, la Corte citó al acusado para que compareciera el día 21 a las nueve de la mañana para el pronunciamiento de la sentencia; que el acusado no solicitó en momento alguno que se dictara sentencia inmediatamente; y que no fué hasta el 21 de agosto de 1947 que el acusado compareció asistido de su abogado y pidió que se absolviera al acusado por carecer la Corte de jurisdicción para dictar sentencia, por no haberlo hecho dentro de las veinticuatro horas siguientes al 18 de agosto de 1947.

Vista la petición de hábeas corpus ante el Tribunal del Distrito de San Juan, dictó éste sentencia declarando sin lugar la petición, con costas al peticionario. No estando éste conforme, interpuso el presente recurso.

██ La única cuestión a resolver es si la Corte Municipal tenía jurisdicción para dictar la sentencia que dictó contra el acusado el día 21 de agosto de 1947.

La cuestión no es nueva en esta jurisdicción. Interpretando las disposiciones del apartado 5 del artículo 29 del Código de Enjuiciamiento Criminal, resolvimos, en *Pueblo v. Acosta*, 40 D.P.R. 471, que "en una apelación contra sentencia de una corte municipal, la corte de distrito, en ausen-

cia de fuerza mayor, está obligada a dictar sentencia dentro del segundo día de celebrada la vista.'' En dicho caso citamos con aprobación las decisiones de este Tribunal en *Pueblo* v. *Cardona,* 36 D.P.R. 618, 621, y *Pueblo* v. *Rodríguez Alberty,* 39 D.P.R. 599, en las que se sostiene, como excepción a la regla general, que cuando la fecha para dictar sentencia es pospuesta por la corte en presencia de las partes y éstas no presentan objeción alguna, debe aplicarse el principio de *consensus tollit errorem,* o sea que el consentimiento subsana el error.

En *Ríos* v. *Pueblo,* 47 D.P.R. 712, aplicando el artículo 29, apartado 4 del Código de Enjuiciamiento Criminal, resolvimos que la corte municipal ya había perdido su jurisdicción sobre el caso cuando dictó la sentencia cuatro días después de haberse terminado el juicio. En *Padilla* v. *Pueblo,* 42 D.P.R. 913, resolvimos que el haberse dejado de dictar sentencia dentro de veinticuatro horas es erróneo, y agregamos: ''No obstante, la jurisprudencia revela que este es un privilegio que puede ser renunciado por el mismo acusado. (Citas.) No podemos convenir en que una corte municipal pierde su jurisdicción al posponer la sentencia a instancias del acusado. Nos parece que ni aun en un caso criminal puede un acusado aprovecharse de su propia culpa.''

En *Pueblo* v. *Rodríguez,* 63 D.P.R. 1, los hechos eran casi idénticos a los del presente caso. Al terminar la vista del caso ante la corte municipal ambas partes solicitaron un término para radicar alegatos. Siete meses después de haberse radicado los alegatos el juez dictó sentencia condenatoria. Apeló el acusado y alegó ante la corte de distrito que la sentencia apelada era nula, por falta de jurisdicción, no habiendo sido dictada dentro de las 24 horas siguientes al día en que se sometió el caso. El acusado ni siquiera intentó probar que él hubiese hecho gestión alguna para conseguir que se dictase sentencia dentro de un término razonable a partir de la presentación de los alegatos. Resolvimos:

"Al solicitar las partes un plazo para radicar alegatos renuncian al derecho a que se dicte la sentencia dentro de las veinticuatro horas siguientes a su radicación, pues es de presumirse que el juez necesite un tiempo razonable para estudiarlos. A nuestro juicio, es aplicable a esta situación lo dicho por este tribunal en el caso de *Pueblo* v. *Lebrón,* 61 D.P.R. 657, 664."

De acuerdo con los hechos admitidos, al terminar la celebración del juicio el acusado solicitó un plazo de cinco días para radicar un alegato, impidiendo de ese modo que la corte pudiera dictar sentencia dentro de las veinticuatro horas siguientes. No conforme con los cinco días que le fueron concedidos, solicitó el acusado cinco días más, que también le fueron concedidos. Fué después de haber expirado esa prórroga que el acusado notificó a la corte que había desistido de su propósito de presentar un alegato. A nadie puede culpar el acusado, sino a sí mismo, de que transcurrieran los días del 5 al 18 de agosto de 1947 sin que la corte dictara la sentencia en su contra. Al solicitar término para radicar alegato, el acusado renunció al derecho a que se dictase la sentencia dentro de las veinticuatro horas siguientes al día en que terminó la vista del caso. Habiendo renunciado ese derecho, el acusado no podía revivirlo a su capricho o conveniencia con sólo informar a la corte que había desistido de su propósito de presentar un memorándum. Desde ese momento, el único derecho que tenía el acusado era el de gestionar ante la corte que se dictase sentencia dentro de un término razonable. Así lo hizo la corte al dictar en agosto 21 de 1947 la sentencia que le fué pedida el día 18 del mismo mes.

Considerados todos los hechos y circunstancias del caso, somos de opinión que la corte municipal conservó su jurisdicción para dictar sentencia y que ésta fué dictada dentro de un término razonable.

*La sentencia recurrida será confirmada.*

El Juez Asociado Sr. De Jesús no intervino.