DIEGO BURGOS, peticionario y apelante, *v.* TRIBUNAL DE DISTRITO DE PUERTO RICO, SALA DE CAGUAS, HON. HIRAM A. RAMÍREZ TORO, JUEZ, demandado.

Número 11090.

*Sometido:* 1 de febrero de 1954. *Resuelto:* 14 de diciembre de 1954.

*Ángel Muñoz Igartúa,* abogado del apelante; *Hon. Secretario de Justicia José Trías Monge, Rafael L. Ydrach Yordán y Ramón Olivo Nieves, Fiscal Interino y Fiscal Especial, respectivamente, del Tribunal Supremo,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del Tribunal.

Ante el Tribunal de Distrito de Puerto Rico, Sección de Caguas, Diego Burgos fué acusado del delito de abandono de menores. Celebrado el juicio correspondiente en 15 de octubre de 1952, el tribunal con la anuencia del acusado y su abogado pospuso la lectura de la sentencia para el 27 del mismo mes y año.(¹) Por qué no se dictó sentencia el día señalado es algo que no aparece del legajo que tenemos ante nos. No fué en realidad hasta el 17 de enero del siguiente año que el juez de distrito dictó sentencia condenatoria contra el acusado, imponiéndole un mes de cárcel pero suspendiendo el cumplimiento de la misma a condición de que aquél pasara a su hijo denunciante la suma de $5 semanales. Tal sentencia fué dictada, no obstante, en ausencia tanto del acusado como de su abogado.

Sosteniendo que la sentencia así dictada es nula de toda nulidad y que en su consecuencia debe absolvérsele, el acusado acudió ante el Tribunal Superior de Puerto Rico, Sala de Caguas, con una petición de *certiorari*. Librado el auto solicitado y oídas las partes, aquél fué luego anulado por resolución de primero de abril del pasado año, ordenándose al propio tiempo que los autos originales del caso fuesen devueltos al tribunal recurrido. Solicitada oportunamente la reconsideración por el acusado, en 3 de junio de 1953 el Tribunal Superior dictó resolución, en la cual manifiesta que "considerando que es cierto que de los autos no aparece constancia alguna de que el abogado ni el acusado estaban presentes en el momento de lectura de sentencia, por la presente se devuelven los autos de este caso al tribunal a quo para que proceda a citar al abogado y al acusado y proceda asimismo a

---

(¹) Los autos del Tribunal de Distrito no están ante nos, pero del legajo que tenemos a la vista se desprende que en aquéllos figura una nota manuscrita por el juez de distrito, que copiada al pie de la letra reza así:

"Susp. lectura de Sentencia para el 27 de octubre de 1952. *Lic. M. Igartúa renuncia a cualquier término de prescripción.* H.R.T. 27 de oct. 1952." (Bastardillas nuestras.)

dictar sentencia conforme a ley." Nueve días más tarde, en un escrito que intitula "Moción", el acusado "hace constar que no está conforme con las dos resoluciones dictadas en este caso por este Hon. Tribunal y apela de las mismas para ante el Hon. Tribunal Supremo de Puerto Rico."

 A tenor de lo dispuesto por el art. 29 del Código de Enjuiciamiento Criminal de Puerto Rico, ed. de 1935:

"Si después de oída la denuncia, el acusado alegare su inocencia, el juez procederá en la siguiente forma:

"1. . . .

"2. . . .

"3. . . .

"4. El juez de paz tomará entonces en consideración la prueba aducida y *dictará su fallo dentro de las veinticuatro horas siguientes. Tanto la celebración del juicio como el acto de dictar sentencia se harán en presencia del acusado; Disponiéndose,* que podrá el acusado ser dispensado de este requisito en aquellos delitos que por su naturaleza no impliquen una mente perversa o depravación moral (*mala prohibita*) en dicho acusado, *cuando fuere representado por abogado y éste se hallare presente en ambos momentos.* . . ." (²) (Bastardillas nuestras.)

Es un hecho admitido que tanto el acusado como su abogado se hallaban en corte durante la celebración del juicio. La controversia aquí gira alrededor de dos situaciones: la primera de ellas es que el juez de distrito no dictó sentencia dentro de las veinticuatro horas de celebrado el juicio y la segunda que la sentencia condenatoria fué dictada en ausencia del acusado y/o su abogado.

Repetidamente se ha resuelto que las disposiciones antes copiadas del art. 29 se aplican única y exclusivamente al Tribunal de Distrito, antiguas cortes municipales. *Pueblo* v. *Lebrón*, 61 D.P.R. 657, 664; *Pueblo* v. *Colón*, 39 D.P.R. 118; *Pueblo* v. *Cardona*, 36 D.P.R. 618; *Colón, Ex parte, y El Pueblo*, 29 D.P.R. 117. También, que la disposición de ese artículo relativa al término de veinticuatro horas siguientes

---

(²) El caso de *Pueblo* v. *Colón*, 14 D.P.R. 81, fué resuelto antes de enmendarse en 1925 el inciso 4 del art. 29, supra.

a la celebración del juicio es imperativa, y que de no cumplirse estrictamente con la misma, salvo que hubiere una renuncia del término por el acusado, éste debe ser puesto en libertad. *Ríos* v. *Pueblo*, 47 D.P.R. 712; *Pueblo* v. *Acosta*, 40 D.P.R. 471; *Pueblo* v. *Rodríguez Alberty*, 39 D.P.R. 599

Como aquí *el acusado renunció a cualquier término de prescripción*, su contención de que el Tribunal de Distrito carece de jurisdicción para dictar sentencia en su contra en la fecha en que lo hizo no debe prosperar. *Pueblo* v. *Rodríguez*, 76 D.P.R. 360, 364.

En lo que respecta a haberse dictado sentencia condenatoria en ausencia tanto del acusado como de su abogado, el precepto estatutario es asimismo imperativo—en este caso todas las partes admiten que la sentencia se dictó en ausencia del acusado y su abogado—. Su infracción, sin embargo, no debe dar lugar a la absolución del acusado, como ocurre cuando se deja de dictar sentencia dentro de las 24 horas siguientes a la celebración del juicio sin que haya una renuncia de tal derecho. Ello es así porque una vez expirado el término de 24 horas, es imposible revivir el mismo y dar cumplimiento estricto al estatuto. Sin embargo, el dictarse sentencia en ausencia del acusado y/o su abogado no tiene las mismas consecuencias. Ese es un hecho que fácilmente puede ser revivido al señalarse nueva fecha para el acto de la sentencia y dictarse ésta en presencia del acusado o su abogado. En su consecuencia, cuando se dicta sentencia sin que estén presentes el acusado o en su caso su abogado, o ambos cuando fuese indispensable, lo único que resulta nulo es la sentencia en sí, siendo válidos los demás procedimientos habidos hasta ese momento. *Cf. State Ex rel. Shetsky* v. *Utecht*, 36 N.W.2d 126, 6 A.L.R.2d 988; *State* v. *McClain*, 56 S.W. 731. No se cometió, pues, el único error imputado.

*Debe confirmarse la sentencia apelada.*