El Pueblo de Puerto Rico, demandante y apelado, *v.* Pedro Rivera Santiago, acusado y apelante.

No. 5196.—*Sometido:* Enero 17, 1934. *Resuelto:* Febrero 24, 1934.

*Luis F. Camacho,* abogado del apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

El presente es un caso en que la Corte de Distrito de Guayama dictó sentencia contra el apelante en una causa criminal. El caso se inició en la Corte Municipal de Patillas. El récord de la apelación para ante la Corte de Distrito de Guayama fué radicado en esa corte el 22 de diciembre de 1932. El juicio se celebró en marzo 7, 1933. En dicho día y aparentemente antes de comenzar el juicio el apelante radicó una moción solicitando el archivo y sobreseimiento del caso por no haber sido éste señalado dentro de diez días de recibidos los documentos en la corte de distrito. El apelante se fundó en el quinto inciso del artículo 29 del Código de Enjuiciamiento Criminal que lee como sigue:

"El juez de paz remitirá el sumario dentro del quinto día al tribunal de distrito, el cual dentro de los diez días de su recibo señalará día para la celebración del juicio, citando al Fiscal y al acusado. En el acto del juicio se podrán aducir nuevas pruebas o reproducir aquéllas que el juez de paz hubiere admitido o rehusado.

El tribunal decidirá definitivamente sobre la admisión de tales pruebas y después de practicarlas y oír a las partes, dictará dentro del segundo día fallo definitivo, condenatorio o absolutorio, ordenando la libertad del acusado si estuviere preso, en caso de un fallo absolutorio.''

Respecto a ese inciso hemos resuelto antes y particularmente en el caso de *El Pueblo* v. *Acosta*, 40 D.P.R. 471 que el estatuto es imperativo, y en el caso citado la acusada fué absuelta porque el juez no dictó sentencia dentro de dos días según exige el referido artículo. Es de notarse que en ese caso el juez tenía los procedimientos en sus manos para dictar fallo y dejó de cumplir con el estatuto. Aunque éste es imperativo, cabe preguntar: ¿Es por sí mismo ejecutorio? ¿Sobre quién recae el deber de ejecutarlo? El artículo 29 trata de varios extremos, y todos ellos no tienen necesariamente que considerarse de la misma manera. Tenemos la analogía del caso de *Ledesma* v. *Agrait*, 19 D.P.R. 566, donde la cuestión a resolver por el tribunal fué en qué casos un mandatario puede adquirir los bienes de su mandante. Esa adquisición no podía efectuarse bajo ciertas condiciones a causa del artículo 1362 del Código Civil. Resolvimos en el curso de la opinión que todas las prohibiciones del estatuto no había que tratarlas necesariamente en la misma forma. Eso era así porque podían tal vez surgir diferentes situaciones o relaciones a virtud de las varias disposiciones del artículo.

Volviendo a los hechos del presente caso el apelante, al llegar el sumario a la Corte de Distrito de Guayama, no dió paso alguno para solicitar del Secretario o del Juez que señalara el caso para juicio.

Consideremos los deberes del juez. Ordinariamente él no tiene que señalar un caso hasta que el secretario le llame la atención hacia el asunto.

Mejor podría esperarse del secretario de la corte que llame la atención del juez, pero dudamos que ese deber sea imperativo a menos que el apelante gestione en alguna forma

el señalamiento. Debe recordarse que ordinariamente un apelante no está muy ansioso de que su caso sea llamado para juicio. Por consiguiente en la mayoría de los casos él no pedirá su señalamiento. Quizá el fiscal de distrito podría solicitar el señalamiento, y desde luego, la corte lo podría hacer *motu proprio*. Tanto El Pueblo de Puerto Rico como el acusado deben tener interés en que el caso sea señalado, pero cuando se consideran todas las posibilidades, ¿es el hecho de que cualquiera de las personas mencionadas deje de solicitar el señalamiento del caso lo que la legislatura tuvo en mente? Cuando se considera la tácita aquiescencia de un apelante a la omisión de señalar, nos sentimos obligados a resolver que el carácter imperativo del estatuto sólo surge cuando alguien toma acción para darle efecto. En muchas jurisdicciones la radicación de una excepción previa o de otras muchas mociones similares no hace que la corte actúe *sua sponte,* sino que una de las partes tiene que pedir la celebración de una vista.

Resolvemos, pues, que, bajo las circunstancias, el apelante, por haber ido a juicio sin haber solicitado un señalamiento, no puede insistir en el carácter imperativo del estatuto y puede resolverse que ha renunciado su derecho. Hasta donde hemos podido indagar, en apelaciones de cortes de paz y municipales, la práctica general en los Estados Unidos es que una de las partes solicite el señalamiento de la causa. Puede entonces surgir la duda de si el que se permita que un acusado quede disfrutando de plena libertad por razón de no haberle señalado su caso un funcionario de la corte, constituiría un debido procedimiento de ley. No creemos que haya necesidad de considerar la constitucionalidad del estatuto, porque la interpretación que le hemos dado obviaría esa necesidad.

En la discusión de este caso surgieron dudas respecto a si el estatuto debe o no aplicarse universalmente como imperativo. Hemos, pues, examinado las leyes para determinar si el artículo 29, *supra,* referente a apelaciones de juzgados

de paz, es también aplicable a cortes municipales. Todas las leyes que rigen los juicios en las cortes municipales parecen ser las siguientes:

"Ley proveyendo para las apelaciones en causas criminales.

"Decrétase por la Asamblea Legislativa de Puerto Rico:

"Artículo 1.—Que cualquiera de las partes en una acción criminal originada en una Corte de Distrito podrá apelar a la Corte Suprema en la forma prescrita por el Título IX del Código de Enjuiciamiento Criminal; y asimismo podrá cualquiera de las partes apelar para ante la Corte Suprema, en un causa criminal en que estuviere implicada la infracción de las leyes penales de Puerto Rico, originada en un juzgado municipal; *Disponiéndose, sin embargo,* que en causas originadas en un juzgado municipal, la apelación del fallo de la Corte de Distrito deberá interponerse dentro de los treinta días de haberse registrado la sentencia.

"Artículo 2.—Una apelación podrá interponerse para ante la Corte de Distrito por el acusado solamente, del fallo definitivo de un juzgado municipal, en causa criminal, en la forma actualmente prescrita por la ley para las apelaciones de las sentencias de los jueces de paz; *disponiéndose,* que en tales casos la notificación del recurso se hará por el acusado, presentándola por escrito al secretario del tribunal sentenciador, dentro de los cinco días de registrada la sentencia, debiendo dicha notificación venir acompañada de una fianza personal o pecuniaria, por la cantidad que fijare el tribunal, la cual no excederá de quinientos dollars y se ajustará a los requisitos impuestos por la vigente Ley para las fianzas en casos de apelación de las decisiones de los jueces de paz.

"Artículo 3.—Todas las leyes, órdenes y decretos que se opusieren a esta Ley, quedan por la presente derogados.

"Artículo 4.—Esta Ley empezará a regir desde el día primero de julio de 1904.

"*Aprobada, mayo 28 de 1904.*" (Sesión Extraordinaria, pág. 17).

"Ley prescribiendo el procedimiento para los juicios de causas criminales en los juzgados municipales.

"Decrétase por la Asamblea Legislativa de Puerto Rico:

"Artículo 1.—Que el procedimiento para el inicio y la celebración de juicio en causas criminales en los juzgados municipales, serán los mismos que dispone la ley para causas criminales en los juzgados de paz.

"Artículo 2.—Todas las leyes y partes de las mismas que se opusieren a esta Ley, quedan por la presente derogadas.

"Artículo 3.—Esta Ley empezará a regir desde el primero de julio de 1904.

"*Aprobada, mayo 28 de 1904.*" (Sesión Extraordinaria, pág. 18).

Así, pues, no se proveyó específicamente lo que habría de hacerse con el caso después que llegara a la corte de distrito. La jurisdicción de las cortes municipales fué ampliamente aumentada. Con excepciones limitadas, su jurisdicción fué extendida a todos los *misdemeanors*. Por tanto, se aumentaron las apelaciones. Cuando tantas apelaciones llegaban a las cortes de distrito, puede haber sido, y probablemente fué, la intención de la Legislatura, que las cortes de distrito debieran manejar sus propios calendarios, como es usual en cortes de registro. La idea puede haber sido diferente al tratarse de la jurisdicción limitada de las cortes de paz.

El segundo señalamiento de error, carece de importancia, según indica el fiscal. El acusado presentó excepción perentoria a la denuncia por ser vaga e incierta, toda vez que de la misma no podía determinarse si el proceso se incoaba a virtud del primero o del segundo apartados de la ley de calumnia e injuria, Compilación de 1911, secciones 5691 a 5696. Es de notarse que la excepción perentoria no se fundó en duplicidad, y aparece suficientemente de la denuncia que se hizo el cargo de haber violado cada uno de los apartados referidos. En otras palabras, el acusado imputó a José G. Morales el ser hijo de una prostituta y haber tratado de cometer violación. Aunque, según indica el fiscal, puede ser que la denuncia esté mal redactada y que algunas palabras contenidas en un cargo corresponden más propiamente al otro, sin embargo, las palabras de la denuncia eran lo suficientemente claras para informar al acusado de los hechos por los cuales fué procesado.

El tercer señalamiento de error se refiere a la apreciación de la prueba por la corte inferior. La idea del apelante

es que la persona contra quien se dirigió la calumnia no fué suficientemente identificada, pero hemos examinado las declaraciones de los testigos de cargo y hallamos que la identificación fué completa; en otras palabras, que la persona injuriada por la calumnia fué mencionada por su nombre.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Hutchison está conforme con el resultado.