RAMÓN FONTAINE MORALES, ANTONIO RUIZ BARRETO y OSCAR GUZMÁN, peticionarios, *v.* LA CORTE DE DISTRITO DE BAYAMÓN, HON. ENRIQUE PONSA PARÉS, JUEZ, demandada.

Núm. 1208.—*Sometido:* Abril 18, 1940. *Resuelto:* Junio 25, 1940.

*Gaspar Rivera Cestero,* abogado de los peticionarios; *E. Ponsa Parés,* Juez de la corte demandada, compareció por escrito.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Los peticionarios invocan el auto de *certiorari* para revisar la supuesta falta de la Corte de Distrito de Bayamón de señalar prontamente para juicio una apelación por ellos interpuesta de la Corte Municipal de Bayamón, donde en 22 de enero de 1940, fueron convictos de acometimiento y agresión con circunstancias agravantes.

La transcripción de autos se radicó en la Corte de Distrito de Bayamón el 30 de enero de 1940. El día primero de febrero siguiente, alegando tener derecho a un juicio rápido, los peticionarios solicitaron se señalara su caso para juicio a tenor de las disposiciones del Código de Enjuiciamiento Criminal. El 8 de marzo de 1940 la Corte de Distrito de Bayamón señaló el caso para el 26 de marzo del mismo año. Aduciendo los hechos que anteceden, el 13 de marzo de 1940, los peticionarios solicitaron de la Corte de Distrito de Bayamón el archivo y sobreseimiento de su caso. La corte declaró sin lugar su moción.

El artículo 29 del Código de Enjuiciamiento Criminal (ed. 1935), en su inciso 5, provee:

"5. El juez de paz remitirá el sumario dentro del quinto día al tribunal de distrito, el cual dentro de los diez días de su recibo señalará día para la celebración del juicio, citando al Fiscal y al acusado. En el acto del juicio se podrán aducir nuevas pruebas o reproducir aquélla que el juez de paz hubiere admitido o rehusado. El tribunal decidirá definitivamente sobre la admisión de tales pruebas y después de practicadas y oír a las partes, dictará dentro del segundo día fallo definitivo, condenatorio o absolutorio, ordenando la libertad del acusado si estuviere preso, en caso de un fallo absolutorio."

De conformidad con el mismo este tribunal resolvió en el caso de *El Pueblo* v. *Acosta,* 40 D.P.R. 471, citando los casos de *El Pueblo* v. *Cardona,* 36 D.P.R. 618 y *El Pueblo* v. *Rodríguez Alberty,* 39 D.P.R. 599, que el período de dos días que tiene la corte de distrito para resolver un caso en apelación era imperativo. En una decisión posterior sostuvimos que

el término de diez días no operaba por sí mismo, sino que el apelante debía dar los pasos necesarios para que su recurso fuera señalado. *Pueblo* v. *Rivera,* 46 D.P.R. 235. En el caso de autos los peticionarios han hecho cuanto ha estado en su poder para que su causa sea señalada prontamente, a lo cual tienen derecho de conformidad con el artículo antes citado, *y la orden de marzo 13, 1940, debe ser revocada y el proceso contra los peticionarios archivado y sobreseído.*