JUAN SEGARRA, peticionario, *v.* CORTE DE DISTRITO DE MAYAGÜEZ, HON. RODOLFO RAMÍREZ PABÓN, JUEZ, demandada.

Núm. 1498.—*Sometido:* Diciembre 21, 1942. *Resuelto:* Diciembre 23, 1942.

*Vicente Palés Matos,* abogado del peticionario; *Hon. Procurador General Interino M. Rodríguez Ramos, R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

El presente es un recurso de *certiorari* establecido por Juan Segarra contra la Corte de Distrito de Mayagüez con el fin de que se anulen las órdenes dictadas por la dicha corte negando el sobreseimiento de las causas números 12699, 12700, 12701 y 12702, seguidas contra el peticionario por falsa representación las tres primeras y abuso de confianza la última.

Reclamados los autos, de ellos resulta que condenado el peticionario por la Corte Municipal de Mayagüez como autor de tres delitos de falsa representación y de uno de abuso de confianza, apeló para ante la corte del distrito, radicándose en ella los autos el 21 de octubre de 1942;

Que en cada uno de los casos el acusado el propio día 21 de octubre de 1942 presentó una moción que copiada en lo pertinente, dice:

"1. Que el acusado Juan Segarra tiene derecho a un juicio rápido de acuerdo con el estatuto constitucional que le protege;

"2. Que . . . solicita de este honorable tribunal se sirva señalar este caso para juicio a tenor de las disposiciones del Código de Enjuiciamiento Criminal de Puerto Rico."

Que al pie de cada moción aparece una orden redactada en los siguientes términos:

"Vista la precedente moción, se señala el día 23 de noviembre de 1942 a las 9 a. m. para la celebración del juicio en este caso."

Que el 23 de noviembre de 1942 la corte dictó otra orden en cada uno de los casos, así:

"Por no haberse diligenciado las citaciones al acusado y los testigos, la corte señala el martes día primero de diciembre de 1942 a las 9:00 a. m. para la vista del juicio en este caso."

Que al día siguiente, 24 de noviembre de 1942, el acusado pidió el archivo y sobreseimiento de los cuatro casos por mociones redactadas en la siguiente forma:

"2. Que el mismo día en que los autos . . . llegaron . . . a esta corte, el acusado . . . solicitó . . . el señalamiento de su caso tal y como lo dispone el Código de Enjuiciamiento Criminal de Puerto Rico;

"3. Que esta honorable corte no señaló este caso para ser visto, dentro de los diez días que determina el artículo 29, sección 5, del Código de Enjuiciamiento Criminal de Puerto Rico, edición de 1935, y por el contrario esta corte ha señalado este caso, fuera de dicho término estatutario, para ser visto el 1 de diciembre de 1942.

"Y ahora solicita el acusado que . . . esta honorable corte se sirva decretar el archivo y sobreseimiento de este caso."

Y que la petición fué resuelta el 25 de noviembre de 1942, como sigue:

"Según interpreta la corte la situación de hechos planteada, el término de diez días a que se refiere el inciso 5 del artículo 29 del Código de Enjuiciamiento Criminal de Puerto Rico, edición de 1935, venció el día 31 de octubre de 1942, que era un día sábado. No siendo éste un día hábil de acuerdo con la regla número 49 autorizada por la Comisión de Servicio Civil de Puerto Rico a su Reglamento y aprobada por el honorable Gobernador de Puerto Rico el 7 de mayo de 1942 y promulgada por dicho funcionario mediante proclama contenida en el boletín administrativo número 780, siendo el día primero de noviembre de 1942 un domingo, día feriado en Puerto Rico, y habiendo estado ausente de este distrito judicial el juez que preside esta corte durante todo el día 2 de noviembre de 1942, de acuerdo con la ley dicho término de diez días realmente venció el día 3 de noviembre de 1942, o sea el primer día hábil que tuvo la corte después de transcurridos los días sábado y domingo y el día en que estuvo ausente de la misma el juez que la preside. Siendo esto así, entiende la corte que el señalamiento para juicio en estos casos se hizo dentro de los diez días hábiles siguientes al recibo de los mismos en la secretaría de esta corte, o sea dentro del término que establece el inciso 5 del artículo 29 del Código de Enjuiciamiento Criminal de Puerto Rico, por lo que se declaran sin lugar las mociones de archivo y sobreseimiento radicadas por el acusado."

La cuestión fundamental envuelta no es nueva ante este tribunal. Fué resuelta en el caso de *Fontaine* v. *Corte,* 57 D.P.R. 139, como sigue:

"Los peticionarios invocan el auto de *certiorari* para revisar la supuesta falta de la Corte de Distrito de Bayamón de señalar prontamente para juicio una apelación por ellos interpuesta . . .

"La transcripción de autos se radicó en la Corte de Distrito de Bayamón el 30 de enero de 1940. El día primero de febrero siguiente, alegando tener derecho a un juicio rápido, los peticionarios solicitaron se señalara su caso para juicio a tenor de las disposiciones del Código de Enjuiciamiento Criminal. El 8 de marzo de 1940 la Corte de Distrito de Bayamón señaló el caso para el 26 de marzo del mismo año. Aduciendo los hechos que anteceden, el 13 de marzo

de 1940, los peticionarios solicitaron de la Corte de Distrito de Bayamón el archivo y sobreseimiento de su caso. La corte declaró sin lugar su moción.

"El artículo 29 del Código de Enjuiciamiento Criminal (ed. 1935), en su inciso 5, provee:

" '5. El juez de paz remitirá el sumario dentro del quinto día al tribunal de distrito, el cual dentro de los diez días de su recibo señalará día para la celebración del juicio, citando al fiscal y al acusado. En el acto del juicio se podrán aducir nuevas pruebas o reproducir aquélla que el juez de paz hubiere admitido o rehusado. El tribunal decidirá definitivamente sobre la admisión de tales pruebas y después de practicadas y oír a las partes, dictará dentro del segundo día fallo definitivo, condenatorio o absolutorio, ordenando la libertad del acusado si estuviere preso, en caso de un fallo absolutorio.'

"De conformidad con el mismo este tribunal resolvió en el caso de *El Pueblo* v. *Acosta,* 40 D.P.R. 471, citando los casos de *El Pueblo* v. *Cardona,* 36, D.P.R. 618 y *El Pueblo* v. *Rodríguez Alberty,* 39 D.P.R. 599, que el período de dos días que tiene la corte de distrito para resolver un caso en apelación era imperativo. En una decisión posterior sostuvimos que el término de diez días no operaba por sí mismo, sino que el apelante debía dar los pasos necesarios para que su recurso fuera señalado. *Pueblo* v. *Rivera,* 46 D.P.R. 235. En el caso de autos los peticionarios han hecho cuanto ha estado en su poder para que su causa sea señalada prontamente, a lo cual tienen derecho de conformidad con el artículo antes citado, y la orden de marzo 13, 1940, debe ser revocada y el proceso contra los peticionarios archivado y sobreseído."

Los diez días en que debió hacerse el señalamiento vencieron el 31 de octubre de 1942, y el señalamiento no se hizo hasta el 3 de noviembre siguiente, o sea expirado ya el término de ley. Conocemos los motivos que adujo la corte para ello. No son a nuestro juicio suficientes.

No es necesario considerar si la razón alegada en cuanto al sábado está o no bien fundada. La cuestión no ha sido lo suficientemente discutida por las partes, y es importante. No debe decidirse sin un estudio acabado de la misma. Queda en su consecuencia abierta.

Prescindiendo del sábado y del domingo, siempre el término hubiera vencido el lunes dos de noviembre y el señalamiento no se hizo hasta el tres, dejándose luego sin efecto por falta de las citaciones que debieron hacerse al acusado y los testigos, siendo entonces que se pidió el sobreseimiento.

La excusa que se da para el no cumplimiento del mandato legislativo en los términos en que se hizo constar, es inadmisible. La sola manifestación del juez sobre el hecho de su ausencia del distrito judicial, sin más, no puede aceptarse. El juez tuvo oportunidad de explicar lo ocurrido en su propia resolución, mostrando los motivos de su ausencia para poder juzgar si ésta estuvo o no justificada, y no lo hizo.

*Nos vemos en su consecuencia obligados a reconocer que la nulidad de las resoluciones del 25 de noviembre de 1942 es evidente de acuerdo con los hechos, la ley y la jurisprudencia, y en tal virtud a decretarla y a ordenar los sobreseimientos solicitados.*