Los Jueces Asociados Sres. Aldrey y Texidor están conformes con el resultado.

Dr. Sergio S. Peña, peticionario, *v.* Corte Municipal de Humacao, Hon. Miguel A. Burset, Juez, demandado.

No. 779.—*Sometido:* Julio 9, 1931. *Resuelto:* Julio 28, 1931.

*Fernando Gallardo Díaz* y *F. Cervoni Gely,* abogados del peticionario; *R. A. Gómez,* abogado de *El Pueblo,* recurrido.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Después de las diez de la noche de 18 de junio, un juez de

distrito informó a un jefe de la policía del distrito de ciertas amenazas atribuídas al Dr. Sergio S. Peña. Alrededor o cerca de media noche el jefe del distrito arrestó al doctor sin mandamiento. En el ínterin, el juez de distrito presentó una querella ante un juez municipal quien lo examinó bajo juramento, hizo constar por escrito sus manifestaciones y expidió una orden de arresto. Esta orden fijaba la cuantía de la fianza, y, juntamente con un documento de fianza, fué devuelta por el jefe de distrito, como ya cumplimentada.

■■ Al comienzo de una vista al día siguiente el juez municipal informó al doctor Peña que se había presentado por el juez de distrito una denuncia por escrito acusándolo de una tentativa contra su persona; que el juez de distrito había sido examinado bajo juramento; y que se le había tomado declaración por escrito que él firmó y juró. El juez municipal le dió al doctor una copia de la denuncia y de la declaración jurada, diciéndole que, de acuerdo con la sección 66 del Código Penal, se había librado una orden de arresto la noche anterior para que el doctor fuera traído ante el juez municipal para informarle del cargo que se le hacía. "Ahora tiene usted la oportunidad," dijo el juez municipal, "de aceptar o negar dicha acusación y presentar los testigos que crea convenientes, las cuales declaraciones se deberán tomar por escrito y la suscribirán los testigos."

El abogado manifestó que hasta aquel momento el doctor había estado ignorando por qué se le había traído ante el juez o de qué tenía él que defenderse; que no se le había informado de la naturaleza de la acusación contra él, ni había recibido copia de la misma y ni había sido careado con los testigos de cargo. Solicitaron veinticuatro horas para buscar y presentar testigos, y una oportunidad para carearse con el denunciante. Esta petición fué denegada fundándose en que se trataba de un procedimiento sumario y que no se había estatuído demora alguna por la ley. También manifestó el juez municipal que el doctor había sido informado

la noche anterior de que debía comparecer a las dos de la tarde del día siguiente para contestar a la denuncia contra él y para presentar testigos. El juez municipal no reveló la fuente de su información, si alguna tenía, y todas las circunstancias en este caso señalan hacia la conclusión de que él no estaba enterado personalmente.

El abogado del doctor volvió a hacer constar que cuando el doctor fué arrestado a las doce de la noche anterior se le exigió una fianza de $500, y que ignoraba la naturaleza y contenido del cargo contra él, y que, hasta el preciso momento de la entrega por el juez municipal de una copia de la acusación y de la declaración jurada, el doctor ignoraba los hechos de que se le acusaba para poder defenderse buscando los testigos con ese fin. El juez no contestó a esto y el defensor tomó excepción a la resolución del juez denegando la solicitud de suspensión de la vista.

Habiéndosele denegado una moción de sobreseimiento y una excepción previa de falta de jurisdicción, el doctor negó los hechos que se le imputaban y volvió a solicitar que se le careara con los testigos de cargo. Esta petición fué también denegada y la resolución denegatoria excepcionada.

El abogado del doctor manifestó entonces que aun cuando consideraba ilegal la vista privada celebrada a puerta cerrada, y aun cuando no se había aducido prueba alguna en apoyo de la acusación, presentaría prueba, y solicitó cinco minutos para buscar testigos. Se le concedió esa solicitud.

Entonces el abogado pidió que la vista fuese pública. La corte declaró no haber lugar a ello, y se anotó excepción.

El artículo 21 del Código de Enjuiciamiento Criminal exige que:

"Todos los procedimientos que se tramiten ante los jueces de paz serán públicos."

Puede admitirse que el procedimiento de caución es civil y no criminal. Empero, en vista de su naturaleza pecu-

liar y de las posibles consecuencias envueltas, la persona querellada tiene derecho, a nuestro juicio, a que se le dé la oportunidad de repreguntar a los testigos en su contra si oportunamente la solicita, y a un juicio público, a virtud de una petición similar.

En 9 C. J. 394, sección 27, el caso *Ex parte Solares,* 4 D.P.R. 84, aparece citado como autoridad para la aseveración de que "en algunas jurisdicciones, el acusado tiene derecho a ser oído y a presentar prueba en su propio beneficio."

En el presente caso el doctor había sido puesto en libertad al prestar una fianza por $500, la cantidad especificada en el mandamiento de arresto. Después de la vista, él prestó otra fianza por $800, que le había sido exigida como caución.

Según se apunta en 9 C. J. 395, sección 35,

"En el derecho común, las partes que suscribían el documento se obligaban para con el rey en una suma determinada, a comparecer en cierto día, y, en el ínterin, a mantener la paz, bien generalmente hacia el soberano y sus vasallos, o particularmente con respecto a la persona que solicitaba la caución."

No vemos motivo por el cual la persona querellada no deba tener una oportunidad razonable de buscar testigos y preparar su defensa, bajo condiciones adecuadas, que incluyan una garantía para no turbar la paz en el entretanto, si no ha de permanecer bajo custodia.

*Debe revocarse la orden sobre caución, basada en los procedimientos habidos en junio 19, y se devuelve el caso para ulteriores procedimientos no incompatibles con esta opinión.*