Ex parte Juan Rosa, peticionario y apelante.

Núm. 8151.—*Sometido:* Enero 16, 1941. *Resuelto:* Enero 27, 1941.

*M. Velázquez Flores,* abogado del apelante; *Hon. Procurador General George A. Malcolm* y *R. A. Gómez, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Juan Rosa, el peticionario apelante, radicó ante la Corte de Distrito de Humacao una petición de hábeas corpus en la que alegaba que se encontraba detenido en la cárcel de dicho distrito en virtud de un mandamiento de prisión expedido en enero 2 de 1940 por el Juez Municipal de Humacao, en un procedimiento de caución seguido contra el peticionario, a virtud de denuncia formulada por José Espinosa Sierra; y que la encarcelación del peticionario es ilegal y nula por las razones siguientes:

(A) Porque la sentencia en que se basa el referido mandamiento de encarcelación es tan enteramente errónea que resulta nula.

(B) Porque dicha sentencia es tan indecisa en sus términos y está redactada en tal forma que resulta nula.

(C) Porque la ilegalidad de dicha sentencia indica un defecto completo en dicho procedimiento de caución contra el peticionario.

(D) Que el mandamiento de prisión en sí, en este caso, es defectuoso en los requisitos fundamentales de los que exige la ley y esto produce la nulidad de dicho mandamiento, y además porque dicho mandamiento en la forma en que está expedido no es el permitido por la ley en estos casos.

(E) Porque la detención del peticionario no está justificada por copia debidamente certificada de sentencia alguna haciendo el referido mandamiento de encarcelación completamente nulo.

(F) Que en la vista o juicio del caso, de cuya sentencia se basa el referido auto de prisión, el peticionario no tuvo oportunidad de confrontarse con los testigos de cargo, ni de repreguntarles, ni carearse con ellos al serles tomadas las declaraciones por escrito, ni tuvo oportunidad de intervenir en el examen de los testigos de defensa al serles tomadas declaraciones por escrito.

(G) Porque la sentencia de caución de la Corte Municipal de Humacao, Puerto Rico, fué dictada en ausencia del acusado.

(H) Porque dicha sentencia no fué dictada dentro del término estatutario de 24 horas a contar desde la celebración del juicio, sin haber hecho el acusado renuncia alguna de ese derecho.

(I) Y porque alega además este peticionario que la persona que le tiene bajo su custodia no es la persona autorizada por la ley para ello.

Visto el caso ante la corte de distrito, dictó ésta sentencia declarando sin lugar el recurso y ordenando que el peticionario fuese recluído nuevamente bajo la custodia del alcaide de la Cárcel del Distrito. No conforme el peticionario, interpuso el presente recurso, basándolo en dos señalamientos de error, a saber:

1. Que el tribunal inferior erró al resolver que las cuestiones levantadas por el peticionario no son para ser resueltas en un recurso de hábeas corpus y sí mediante *certiorari* o apelación.

2. Que también erró al declarar que el peticionario se halla legalmente preso.

Las cuestiones levantadas por el apelante en su alegato son:

(a) Que el peticionario no tuvo una oportunidad de repreguntar a los testigos que declararon en su contra en el procedimiento de caución ante la corte municipal.

De los autos originales del procedimiento seguido ante la corte municipal aparecen los hechos siguientes:

El día 13 de octubre de 1939, José Espinosa Sierra, vecino de Las Piedras, formuló denuncia contra Juan Rosa, alegando que éste había proferido amenazas contra su persona, diciendo en presencia de tres testigos y con referencia

al denunciante: "Dondequiera que lo encuentre le voy a entrar a tiros, le voy a asesinar como un perro." La denuncia fué formulada de acuerdo con el artículo 64 del Código Penal, con el objeto de que el denunciado fuese arrestado y puesto bajo caución.

Actuando de acuerdo con lo dispuesto en el artículo ·65 del Código Penal, en 20 de octubre de 1939 el juez municipal examinó bajo juramento al denunciante y a los tres testigos mencionados en la denuncia, tomando sus deposiciones por escrito y haciendo que los deponentes la suscribieran.

El 21 de octubre de 1939, el juez municipal dictó orden de arresto contra Juan Rosa, fijándole una fianza de $200 para poder permanecer en libertad. En la misma fecha se citó al denunciado para la vista del caso ante la corte municipal el día 26 de octubre de 1939 a las 8:30 de la mañana. El denunciado fué arrestado el 23 del mismo mes y prestó fianza para permanecer en libertad. En el mismo día, el denunciado radicó un escrito pidiendo que se citasen tres testigos que habrían de declarar en su favor, y, además, "que sean asimismo citados el denunciante en este caso, José Espinosa Sierra, como a todos los demás testigos que se hayan presentado ofreciendo pruebas en contra de este acusado para tener oportunidad de examinar y repreguntar a los mismos y para conocer a la vez de qué deba dependerse." El denunciado pidió además un juicio público y que se designase un taquígrafo para tomar las declaraciones. En el récord no consta que la corte municipal dictara resolución alguna sobre dichas peticiones.

El día 26 de octubre de 1939, compareció ante la corte municipal Juan Rosa, el denunciado, asistido de su abogado y contestó, negándola, la querella. La corte procedió a examinar los testigos ofrecidos por el denunciado, tomando sus deposiciones por escrito y haciendo que cada uno firmase la suya; y dejó el caso abierto para ulteriores procedimientos.

En diciembre 15 de 1939 el juez municipal dictó sentencia exigiendo al denunciado una fianza o caución por la suma de $300, la cual debía ser prestada dentro de cinco días a partir de la fecha de la notificación de la sentencia al denunciado. La sentencia fué notificada al denunciado el 18·de diciembre de 1939. El 2 de enero de 1940 se ordenó el arresto del denunciado por no haber éste prestado la fianza que le fué exigida.

El procedimiento de caución es de naturaleza civil y no criminal. Al denunciado no se le imputa la comisión de un delito. El procedimiento es una medida de justicia preventiva, tendiente a evitar hasta donde sea posible la comisión de actos de violencia por una persona contra otra. El denunciado no tiene un derecho absoluto a repreguntar a los testigos que han declarado en su contra. Empero, esta Corte Suprema ha sostenido en *Ex parte Llera,* 11 D.P.R. 427, 428, y en *Peña v. Corte Municipal,* 42 D.P.R. 812, que la corte ante la cual se tramita el procedimiento de caución debe dar al denunciado la oportunidad de repreguntar a los testigos en su contra "si oportunamente lo solicita."

Es cierto que el denunciado solicitó en su escrito de octubre 23 de 1939 que se citase de nuevo al denunciante y a los testigos de cargo "para tener oportunidad de examinar y repreguntar a los mismos." Pero también lo es que el récord no demuestra que el denunciado, que estuvo en todo momento asistido de abogado, hiciera gestión alguna para conseguir que la corte considerase y resolviese su petición. Del récord aparece que el denunciado compareció asistido de abogado a la vista celebrada el 26 de octubre y que en su presencia se practicó la prueba, pero no existe constancia alguna de que el denunciado solicitase en el acto de la vista que se le permitiese repreguntar a los testigos de cargo. No habiendo sido diligente el denunciado en la reclamación de su derecho, debemos resolver que la corte municipal no cometió el error que se le imputa en la petición de *certiorari.*

■ Siendo el procedimiento de caución de naturaleza civil, la corte municipal no estaba obligada a dictar sentencia dentro del término de veinticuatro horas después de celebrada la vista. No es aplicable, por lo tanto, al caso de autos lo resuelto en el de *El Pueblo* v. *Acosta,* 40 D.P.R. 471.

No erró la corte inferior al sostener que el denunciado Juan Rosa se encontraba legalmente detenido.

*Debe desestimarse el recurso y confirmarse la sentencia recurrida.*