EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JESÚS APONTE VÁZQUEZ, acusado y apelante.

Número: CR-76-158      Resuelto: 11 de abril de 1977

902

*Alfredo Archilla Guenard,* abogado del apelante; *Justo Gorbea Varona, Procurador General Interino,* y *Lirio Bernal de González, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El 3 de marzo de 1970 se halló culpable al señor Aponte Vázquez de infringir el Art. 6 de la Ley de Armas de Puerto Rico, Ley Núm. 17 de 19 de enero de 1951, 25 L.P.R.A. sec. 416, en su modalidad como delito menos grave. El 20 de marzo del mismo año se le condenó a cumplir seis meses de cárcel. Su apelación ante nos se funda en que erró el tribunal de instancia al dictar sentencia fuera del término que la ley dispone.

Se apoya el apelante en que la Regla 162 de Procedimiento Criminal expresa, en parte:

". . . Cuando se pronunciare un fallo condenatorio en casos de delitos graves (*felonies*) el tribunal señalará una fecha para dictar sentencia que será, por lo menos, tres días después de dicho fallo. En casos de delitos menos graves (*misdemeanors*) el tribunal deberá dictar sentencia no más tarde del día siguiente al del fallo. . . ."

Como hemos visto, al apelante no se le dictó sentencia hasta diecisiete días después del fallo, pero el derecho que crea la Regla 162 y en que se funda el apelante puede renunciarse. *Pueblo* v. *Lebrón*, 61 D.P.R. 657, 664 (1943); *Burgos* v. *Tribunal de Distrito*, 77 D.P.R. 593, 596 (1954). Ello fue lo que ocurrió aquí exactamente. En el legajo del pleito consta que al hallarse culpable al acusado se solicitó que se suspendiese el pronunciamiento de sentencia, señalándose el 6 de marzo siguiente para la celebración de dicho acto. Minuta del 3 de marzo de 1970.(1) No surge de autos por qué no se pronunció sentencia dicho día aunque las partes discuten en sus alegatos si se debió o no al hecho de que el 5 y 6 de marzo de 1970 se decretaron días de duelo oficial para los empleados de la Rama Ejecutiva por la muerte de la señora esposa del Hon. Gobernador de Puerto Rico. El apelante sostiene, no obstante, que aun de haber sido así, la sentencia debió dictarse al día siguiente.

No hemos hallado autoridad alguna, ni la cita el apelante, que sostenga esta posición. La disposición que nos ocupa de la Regla 162 se forma al calor de antiguos estatutos de California que datan de 1872 en adelante. West's Anno. Calif. Codes, sec. 1191, nota histórica. En California se ha resuelto que no constituye error el pronunciamiento de sentencia en tiempo aun mayor que el transcurrido aquí cuando

---

(1) Este incidente no forma parte del récord taquigráfico. Ni en los autos ni en la transcripción hay indicación alguna de que la suspensión y el nuevo señalamiento se hiciesen sin el consentimiento de las partes.

el acusado no objeta la imposición de la condena. *People* v. *Bryant*, 12 P.2d 168 (Calif. 1932). Véase: *People* v. *Fritz*, 80 Cal. Rptr. 506 (1969).

La regla federal es por completo diferente. La Regla 32(a)(1) de Procedimiento Criminal simplemente dispone que "La sentencia se impondrá sin dilación irrazonable. . . ."(²) Se ha resuelto que una dilación irrazonable representa una violación al derecho a juicio rápido consagrado por la sexta enmienda a la Constitución de Estados Unidos. *United States* v. *Sherwood*, 435 F.2d 867 (10th Cir. 1976), *cert.* denegado: 400 U.S. 900. Véase: *Pollard* v. *United States*, 352 U.S. 354 (1961).

Resolvemos que el derecho a que se pronuncie sentencia dentro de un período razonable es parte del derecho a un juicio rápido que reconoce el Art. II, Sec. 11 de la Constitución de Puerto Rico. Resolvemos, además, que los términos que establece la Regla 162, aunque a observarse, no marcan el límite extremo del derecho a juicio rápido. De ahí que, al renunciarse esos términos, lo que ampara al acusado es su derecho constitucional más amplio, sin que ello signifique que, de no poder dictarse sentencia el día posterior acordado, queda obligado el tribunal a hacerlo al día siguiente. Los catorce días de dilación ocurridos en este caso no violan el derecho a juicio rápido del apelante.

*Se confirmará la sentencia apelada.*

---

(²) Para la interpretación de la regla federal, véanse: *Brooks* v. *United States*, 423 F.2d 1149 (8th Cir. 1970); *Juárez-Casares* v. *United States*, 496 F.2d 190 (5th Cir. 1974).