EL PUEBLO DE PUERTO RICO, apelado, *v.* ISRAEL KUILAN SANTOS, acusado y apelante.

*Número:* CR-82-23    *Resuelto:* 10 de febrero de 1983

*Gregorio Lima*, abogado del apelante; *Miguel Pagán, Procurador General Interino, y Ricardo E. Alegría Pons, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue juzgado por una infracción al Art. 401 de la Ley de Sustancias Controladas, Ley Núm.

4 de 23 de junio de 1971 (24 L.P.R.A. sec. 2401). Se le encontró culpable el 17 de junio de 1980 y se señaló el 5 de septiembre de 1980 para la imposición de la sentencia. Por los mismos hechos fue juzgado, hallado culpable y sentenciado por el Tribunal de Distrito de Estados Unidos para el Distrito de Puerto Rico.

El 8 de agosto de 1980 el peticionario fue trasladado a Estados Unidos para cumplir la sentencia dictada por la corte federal. Tras diversos incidentes y gestiones infructuosas para que se devolviese temporalmente al convicto a fin de que el Tribunal Superior lo sentenciase, el apelante cumplió parte de su sentencia federal y obtuvo el beneficio de quedar en libertad bajo palabra. Las autoridades federales lo entregaron al Departamento de Justicia de Puerto Rico y el 16 de marzo de 1982 el Tribunal Superior dictó sentencia en la que impuso al apelante una pena de cinco a ocho años de presidio, concurrente con cualquier otra impuesta por la corte federal, abonándose a ésta todo el tiempo que hubiese cumplido el convicto por los mismos hechos en cualquier institución penal federal o de Puerto Rico.

El apelante alega que el Tribunal Superior, al permitir que pasaran veintiún meses sin dictar sentencia en su caso, violó las disposiciones de la Regla 162 de Procedimiento Criminal y su derecho a juicio rápido.

No le asiste la razón.

La Regla 162 citada dispone en parte:

Cuando se pronunciare un fallo condenatorio en casos de delitos graves (*felonies*) el tribunal señalará una fecha para dictar sentencia que será, por lo menos, tres días después de dicho fallo. En casos de delitos menos graves (*misdemeanors*) el tribunal deberá dictar sentencia no más tarde del día siguiente al del fallo. En ningún caso se dictará sentencia antes de haber sido resuelta cualquier moción de nuevo juicio o moción para que no se dicte sentencia o antes de dar debida consideración al informe pre-sentencia que se requiere de acuerdo a la Regla 162.1.

■ La Regla 162 no impone un plazo fijo máximo para dictar sentencia en casos graves como el presente. La regla deriva de la 32(a)(1) federal, del Art. 309 de nuestro Código de Enjuiciamiento Criminal y del antiguo Art. 1191 del Código Penal de California.

La Regla 32(a)(1) de las de Procedimiento Criminal federal establece simplemente que "La sentencia se impondrá sin dilación irrazonable. . . ." El antiguo Art. 1191 del Código Penal de California, 4 *Kerr's Cyclopedic Codes of California: Penal*, Sec. 1191, así como el Art. 309 de nuestro Código de Enjuiciamiento Criminal disponían tan sólo, al igual que nuestra actual Regla 162, un término mínimo de espera para dictar sentencia, mas sin fijar un término máximo para hacerlo. La confusión del apelante puede que surja del hecho de que el Art. 1191 del código californiano fue enmendado más tarde para sentar un plazo máximo. *West's Ann. Cal. Penal Code*, Sec. 1191. Ello no ha sucedido en esta jurisdicción ni en la federal.

■ El significado de nuestra Regla 162 es equivalente al de la Regla 32(a)(1) federal. La sentencia deberá dictarse dentro de un plazo razonable. Esto quiere decir que la sentencia debe imponerse dentro de un término que queda a discreción del juez, aunque no a su arbitrio o escueta voluntad. *Pollard* v. *United States*, 352 U.S. 354 (1957); 3 Wright, *Federal Practice and Procedure*, 1982, Sec. 521.1, pág. 45. El derecho a que se dicte sentencia dentro de un período razonable es parte del derecho a un juicio rápido. *Pueblo* v. *Aponte Vázquez*, 105 D.P.R. 901 (1977). Para que la tardanza pueda tildarse de irrazonable, sin embargo, debe ser deliberada u oprimente. *Pollard*, ante, pág. 361.

■ Nada en el caso de autos revela que la tardanza obedeció al capricho o voluntariedad del Estado o que el apelante haya sido perjudicado en modo alguno. Se ha resuelto que el hecho de que un convicto esté cumpliendo una condena en una jurisdicción no torna irrazonable la

demora resultante en la imposición posterior de una sentencia en otro foro. *Treakle* v. *United States*, 327 F.2d 82 (9th Cir. 1964).

*Se confirmará la sentencia apelada.*