# 96 DTA 60

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL IV DE MAYAGUEZ Y AGUADILLA

PUEBLO DE PUERTO RICO
Apelado

v.

MANUEL HERNANDEZ

Apelante

Núm. KLAN-95-00581

San Juan, Puerto Rico, a 16 de abril de 1996

Panel integrado por su presidente, Juez Brau Ramírez
y los Jueces Colón Birriel y Delgado Hernández

Brau Ramírez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

### I

El apelante Manuel Hernández fue acusado ante el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Hormigueros, por una violación a la sec. 5-201 de la Ley de Vehículos y Tránsito de Puerto Rico, Ley Núm. 141 de julio 20 de 1960, 9 L.P.R.A. sec. 871, a raíz de un accidente automovilístico ocurrido el 23 de enero de 1995, en la Carretera Núm. 319 en Hormigueros, vehículo que conducía el apelante y un automóvil conducido por la Sra. Brunilda Ramírez Ramos.

Luego de un juicio por Tribunal de derecho, el apelante fue hallado culpable. Se le impuso una multa de $200.00, una deducción de tres puntos de su licencia por demérito, cf., 9 L.P.R.A. sec. 694, así como una condena de restitución de $772.00 a favor de Virgilio Ramírez Pabón, dueño del vehículo que conducía doña Brunilda, por concepto de daños ocasionados.

Confirmamos.

### II

La prueba desfilada durante el juicio consistió en el testimonio de doña Brunilda y el del policía Angel Lamboy, quien investigó el accidente.

La perjudicada declaró que el día de los hechos, como a las 2:50 p.m., venía en su automóvil del pueblo de San Germán hacía Mayaguez por la carretera 114. Ese día, estaba lloviendo. Tomó la

intersección para salir a la carretera militar. Pasó un puente de un sólo carril, luego del cual había una curva. De repente, la perjudicada observó que en la dirección contraria venía el vehículo conducido por el apelante, el que aparentemente había perdido el control y venía dando *"zig zag"*. Ella trató de salirse del área de rodaje para esquivarlo, más no tuvo éxito porque había un árbol y unos matorrales, siendo impactada por el automóvil del apelante. El choque se produjo por el lado izquierdo de la parte del frente de su carro.

El vehículo del apelante era un Mitsubishi blanco. Como resultado del impacto quedó en el medio de la carretera. El apelante venía solo. Declaró que su vehículo sufrió daños.

La perjudicada explicó que ella venía a menos de 25 millas. En cuanto a la carretera, explicó que era *"un poco peligrosa"*, que cuando llovía resbalaba y que cabían solamente dos vehículos.

El policía estatal Angel Lamboy declaró que compareció al lugar del accidente y observó los vehículos impactados. Ambos tenían impacto en el lado izquierdo frontal, bumper, guardalodo y focos. El automóvil de la perjudicada se encontraba fuera del área de rodaje. El del apelante había sido alineado. El agente entrevistó a las personas. El acusado le admitió que estaba lloviendo y que al oprimir los frenos, perdió el control de su vehículo que comenzó a *"zigzaguear"* impactando finalmente al automóvil de la perjudicada que venía en la dirección contraria.

Declaró que la carretera era bien peligrosa y que había intervenido en otros accidentes ocurridos allí. A preguntas de la defensa, expresó que antes había un letrero que alertaba a los conductores, pero que para la fecha del accidente no lo había visto. En esos momentos, la Juez que presidía el procedimiento le preguntó dónde exactamente había ocurrido el accidente y tomó conocimiento judicial de que en el lugar existía un letrero que indicaba la existencia de una curva. El agente aceptó que el rótulo estaba puesto allí. La Juez tomó conocimiento judicial de que en la carretera que va de Hormigueros a San Germán también existía un rótulo que indicaba la existencia de la curva.

El apelante no presentó prueba. A base de la evidencia reseñada, el Tribunal lo encontró culpable.

## III

En su apelación, el apelante plantea que el Tribunal de Primera Instancia cometió varios errores. En particular, se alega que dicho foro erró al no acoger la defensa de caso fortuito presentada por el apelante, al declarar culpable al apelante pese a que la prueba no estableció más allá de duda razonable los elementos del delito ni derrotó la presunción de inocencia que cobijaba al apelante, y al proceder a celebrar una vista de daños antes de que el apelante hubiera agotado su derecho a apelar de la convicción, impidiéndole utilizar los mecanismos de descubrimiento de prueba y forzándolo a ofrecer evidencia, en contravención a la garantía constitucional a no autoincriminarse.

En cuanto al primero de estos señalamientos, observamos que, conforme al art. 18 del Código Penal, 33 L.P.R.A. sec. 3091, la defensa de caso fortuito exime de responsabilidad a la persona que *"en ocasión de ejecutar un acto lícito, con la debida diligencia, o al incurrir en una omisión, causa daño por mero accidente, desgracia o casualidad, sin mediar intención ni negligencia"*. Se requiere, por lo tanto, que el autor hubiera actuado *"con la debida diligencia... sin mediar... negligencia."*

En la situación de autos, sin embargo, la prueba presentada ante el Tribunal de Primera Instancia permitía inferir que el apelante conducía su vehículo de forma imprudente o temeraria, en violación a la sección 5.201 de la Ley de Vehículos y Tránsito, 9 L.P.R.A. sec. 871. En efecto, conforme al testimonio de la perjudicada, el apelante perdió el control de su vehículo luego de tomar una curva, invadiendo el carril por el que venía la perjudicada e impactando de frente el vehículo de ésta.

El apelante alega que dicho resultado es atribuible a las condiciones de la carretera, más bien que a su conducta, ya que se trataba de un lugar peligroso y el pavimento estaba húmedo. La regla básica establecida por la Ley de Vehículos y Tránsito, sin embargo, es que *"[l]a velocidad de un vehículo deberá regularse con el debido cuidado, teniendo en cuenta el ancho, tránsito, uso y condiciones de la vía pública. Nadie deberá guiar a una velocidad mayor de la que le permita ejercer el debido dominio del vehículo y reducir la velocidad o parar cuando sea necesario para evitar un accidente."* 9 L.P.R.A. sec. 841.

Es inferible la conclusión de que si el apelante perdió el control de su vehículo sin la intervención de ninguna otra agencia, era porque conducía a una velocidad mayor que la permitida por las circunstancias. Compárese, *Vda. de Vilá v. Guerra Mondragón,* 107 D.P.R. 418, 424 (1978). El Tribunal de Primera Instancia también parece haber considerado que existía un rótulo advirtiendo la presencia de la curva, por lo que el apelante debió haber estado consciente que era menester reducir la velocidad.

Se trata, en cualquier caso, de una cuestión de apreciación de la prueba. Según se conoce, en ausencia de pasión, prejuicio, parcialidad o error manifiesto, este Tribunal no habrá de intervenir con la evaluación de la prueba llevada a cabo por el foro de Primera Instancia. Véase, *Pueblo v. Chévere Heredia,* ___ D.P.R. ___ (1995), **95 J.T.S. 115**, a la pág. 35. En el presente caso, no detectamos base alguna para sustituir el criterio del Tribunal apelado. A base del récord ante nos, entendemos que el fallo está plenamente justificado.

El apelante también se queja de que el Tribunal de Primera Instancia celebrara una vista de daños, previo a que hubiera transcurrido el término para el apelante recurrir del fallo condenatorio y sin que se le brindara una oportunidad para realizar descubrimiento de prueba.

La imposición de daños por vía de restitución llevada a cabo por el Tribunal de Primera Instancia está apoyada por la sección 16-102A de la Ley de Vehículos y Tránsito, 9 L.P.R.A. sec. 1872a (Supl. 1995). Dicha imposición es una consecuencia del dictamen condenatorio, aunque de naturaleza civil, no criminal. La misma constituye un incidente distinto al del juicio en sus méritos, en la misma forma en que, por ejemplo, el acto de pronunciamiento de sentencia con agravantes y/o atenuantes constituye un incidente distinto al fallo condenatorio en un caso criminal grave, que puede dar lugar a una vista adversativa separada del juicio. Cf. 34 L.P.R.A. p. II, R. 162.4.

El peso de la prueba para establecer los daños corresponde al Ministerio Público. El apelante, de este modo, no viene obligado a presentar prueba alguna si así no lo desea. Hemos examinado el récord en el caso de autos y no podemos percibir irregularidad alguna en los procedimientos celebrados ante el foro de Primera Instancia.

El apelante plantea que se le debió haber permitido realizar descubrimiento de prueba en la etapa de la vista de daños. Coincidimos en que el apelante podía haber empleado el mecanismo de la Regla 95 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 95, para descubrir la prueba del Ministerio Público en cuanto a este aspecto. Dicho procedimiento debía ser completado antes del juicio del caso. Véase, la Regla 95B(b), 34 L.P.R.A. Ap. II, R. 95B(b).

La sección 16-102A de la Ley de Vehículos y Tránsito, de otro modo, no parece contemplar una etapa de descubrimiento de prueba separada para la vista de daños. Dicha solicitud luce inconsistente con el término establecido por la Regla 162 para el pronunciamiento de la sentencia en casos de delitos menos graves. *Pueblo v. Aponte Vázquez,* 105 D.P.R. 901 (1977). Concluimos que el error no fue cometido.

Por los fundamentos expresados, se confirma la sentencia apelada.

Lo pronunció y manda el Tribunal y lo certifica la señora Secretaria General.

Sonia Pacheco Román
Secretaria General